## SUPREME COURT.

### CROWNER agt. THE WATERTOWN & ROME RAILROAD Co.

Where a railroad company, upon an award of commissioners, have recorded the order and deposited the money as required by the 18th section of the general railroad act of 1850, the title to the premises taken becomes wholly vested in the company.

Therefore, where in such case, on a second appraisal, the compensation to the owner of the land is increased by the award of the commissioners, the company can not, by changing the route of their road, avoid the payment of such increased compensation, on the ground that the premises are not necessary for them.

From the affidavits and papers which have been presented and referred to on this motion, it appears that in September, 1852, an appraisal was made of the land of John D. Crowner, over which the Watertown and Rome Railroad Company had located a portion of their route, awarding him the sum of $340 as damages : that said report was in November, 1852, on the application of the railroad company, confirmed, and the sum awarded deposited in the Jefferson County Bank to the credit of said Crowner, and that an order was duly made in November, 1852, pursuant to the 17th section of the general railroad act of 1850, reciting the substance of the proceedings, and declaring that the company should thenceforth possess and enjoy all the rights over the lands of Crowner given by the act aforesaid. This order was filed and recorded at full length, pursuant to the directions of the 18th section of the act, in the clerk's office of Jefferson county, where the lands appropriated lie.

Within the time prescribed by the act, Crowner appealed from this award, and in April, 1853, the appraisal of the commissioners was reversed by the supreme court, and a new appraisal ordered. The company proceeded to have a new appraisal made, and on this second hearing before the commissioners they awarded Crowner the sum of $700 damages, thus increasing the amount originally awarded by the sum of $360. The first award of $340 has been paid, but the company refuse to pay the increased compensation, on the ground that subse-

quently to the original appraisal they have so changed their route near the premises in question, that the lands of Crowner are no longer required for the track of their road.

P. GRIDLEY, *for the motion.*

J. MULLIN, *opposed.*

BACON, Justice. On an examination of the provisions of sections 17 and 18 of the railroad act of 1850, I am entirely satisfied that the company are bound to pay this money. In the words and by the necessary operation of the 18th section, on the recording of the order above mentioned and the deposit of the money, both which acts were performed by the company upon the original appraisal, the company were not only entitled to enter upon and use the land appropriated and appraised, but all the parties to the proceeding were divested and barred of all *right estate and interest* in such real estate during the existence of the company. This is in substance and effect a statutory conveyance of the land, wholly divesting the owner of his title, and vesting it in the company. And this necessary effect of the proceeding is recognized by a further provision in this same section, that if on the second appraisal the compensation is increased, the difference shall be a lien upon the land appraised, thus treating it as it truly is, as the land of the company. A lien on one's own land would be a legal absurdity.

The company has an undoubted right to change the route of their road under the circumstances and conditions prescribed by the 23d section of the act of 1850. But this section, or any proceeding under it, has and can have no such effect as either to revest the title to the land appraised in the original owner, or to exempt the company from paying the increased compensation. There is, indeed, provision made in that section for compensation in respect to an injury to *donated lands* where a change of route is made after the company has commenced grading, but there is none whatever changing the rights acquired and the duties imposed by the new appraisal of lands appropriated pursuant to the provisions of the general railroad act. The original owner has a vested right to the increased compen-

sation, and the company retains the title to the land which became theirs by the terms and the necessary legal operation of the 18th section of the act, and their proceedings under it.

There must be an order directing the money to be deposited in the Jefferson County Bank to the credit of John D. Crowner, within ten days, and in default thereof a judgment may be entered against the railroad company for the amount, and $10 are allowed to Crowner for the costs of this motion.