JOHN W. WOODS, Guardian, etc., Appellant, *vs.* BENJ. F. BOOTS, *et al.*, Respondents.

1. *Guardian and curator—Authority given to by Probate Court of Andrew county to invest funds of ward in real estate—Authority dehors the statute.*—Under the act of March 19th, 1866, (Adj. Sess. Acts 1866, p. 83) the Probate Court of Andrew county cannot confer upon a guardian authority to invest the money of his wards in real estate, unless the fund be itself proceeds derived from the sale or lease of their lands. And the guardian has no such power independent of the statute. Such purchase with a trust fund not so arising is absolutely void.

### *Appeal from Andrew Circuit Court.*

*Heren & Altgeld*, for Appellant.

As the money of these wards was not derived under the provisions of this statute, from a sale of their land, but from another source, the Probate Court had no power to order their guardian to purchase real estate without this fund. (Shoul. Dom. Rel., 413 ; Sears vs. Derry, 26 Conn., 273.)

*W. S. Greenlee*, for Respondents.

I. If the court may order the proceeds of real estate sold by the guardian to be re-invested in real estate, it can order the proceeds of land sold by the administrator, or funds derived from such sale through the hands of the administrator, or even the proceeds of personal estate to be so invested. And it would also have that power by virtue of its authority to make appropriations of the estate for the proper education and support of the wards.

II. The party seeking to set aside the settlement and allowance in favor of his guardian, must charge and prove that such allowances and settlements were procured by fraudulent and false means and pretences, unjustly and to the injury of the parties and estate interested. (20 Mo., 87 ; 27 Mo., 399 : 34 Mo., 253 ; 47 Mo., 390 ; 54 Mo., 200.)

WAGNER, Judge, delivered the opinion of the court.

This was an equitable proceeding to vacate and set aside a deed and correct a settlement made by the defendant, Boots,

whilst acting as the guardian and curator of the minor plaintiffs.

The facts are, that Boots was the guardian and curator of the minor heirs of one Patterson, deceased, and whilst acting as such he received the sum of twenty-six hundred dollars, belonging to his wards. By an order of the Probate Court of Andrew county, he was authorized to invest the money in real estate, for the benefit of his wards, and in pursuance of that authority he purchased of one Burns, who is defendant in this case, and who was a surety on his bond, an eighty acre tract of land, for the price and sum of twenty-eight hundred dollars. He paid all the purchase money except eight hundred dollars, and the deed made to the infants expressly reserved a lien in favor of Burns, the vendor, for the unpaid purchase money, which was to bear ten per cent. interest till paid. The wards had no other estate whatever, except the twenty-six hundred dollars which came into the guardian's hands. The Probate Court approved this proceeding, and the guardian afterwards made his final settlement, and was discharged.

Subsequently the plaintiff was appointed guardian and curator, and instituted this proceeding. The bill charges fraud, and a combination between Boots and Burns to cheat the minor children out of their patrimony; and alleges that the consideration agreed to be paid for the land was greatly in excess of its true value.

The court found for the defendants.

It is now insisted that the act of the defendant Boots, in making the purchase, was void, and that the Probate Court had no jurisdiction of the matter, and could confer upon him no authority.

The power of ordering a guardian or curator to sell lands of the wards and invest the funds, existed originally in the Circuit Court as a court of chancery. By the act of 1866, (Sess. Acts 1866, p. 84) the Probate Court in certain counties was invested with the same power to a certain extent, and this act was afterwards applied to Andrew county. By sec-

tion 7 of the act, it is provided that "said Probate Court shall have concurrent jurisdiction with the Circuit Court in the following cases: when the income of a ward shall be insufficient to maintain him or her and their families, or when it appears that it would be for the benefit of a ward that his or her real estate, or any part thereof, be sold or leased, and the proceeds put on interest or invested in some productive stock or real estate, his guardian or curator may sell or lease the same accordingly, upon obtaining an order for such sale or lease from said Probate Court of any real estate owned by said ward in any county in the State; *provided* said Probate Court shall have the control of the estate of said ward; such guardian or curator shall proceed as hereinafter directed."

Section 8. "To obtain such order the guardian or curator shall present to such Probate Court a petition setting forth the condition of the estate and the facts and circumstances on which the petition is founded. If after a full examination, on the oath of a creditable and disinterested witness, it appears either that it is necessary, or that it would be for the advantage or benefit of the ward, that the real estate, or any part thereof, should be sold or leased, the court may make an order therefor, specifying therein whether the sale or leasing is to be made for the maintenance or education of the ward and his or her family, or that the proceeds may be put out on interest or invested on the circumstances which render such disposition beneficial."

Unless the statute gave the power for the action of the guardian in this instance, it did not exist. The Probate court had no original jurisdiction; and the established principle is, that where a statute confers on such a tribunal a special power to be exercised under particular circumstances, and in a prescribed manner, it it indispensably necessary to the valid exercise of the power that such circumstances exist at the time, and that the court proceed in the exact manner pointed out.

The power to proceed given by the 7th section, is when it appears that it would be for the benefit of the ward that his or her real estate, or any part thereof, be sold or leased, and the proceeds put on interest or invested in some productive stock or real estate.

There can be no misconstruing this language, as to the authority delegated to the court. It is to sell or lease the land of the ward whenever it would be beneficial, and re-invest the money arising from the sale or lease in something that would be productive, either in stock or other real estate. It pre-supposes that the ward has an estate in real property, which is not producing anything; and the power is to change it into other real estate or stock which will yield an income.

But no authority whatever is given to take money which is in the hands of the guardian, and purchase real estate with it. If any confirmation of this were wanted, the 8th section of the act places the true meaning beyond all controversy. It declares that the power shall exist only after it is shown by satisfactory proof that it would be for the advantage or benefit of the ward that the real estate, or a part thereof, should be sold or leased. It is only in case the money arises from the sale or lease of the ward's lands, that the court has any authority to order it invested in other lands. And more especially it would have no power, as was done here, to permit the guardian to buy lands, and bind the ward for part of the purchase money, when he had no estate whatever to meet the deficit.

The evidence shows very clearly that the guardian paid more than the land was worth; and, to say the least, there are some suspicious circumstances surrounding the sale. The guardian purchased it of Burns before the latter signed his bond as surety, and Burns had previously offered the land for a less price.

Now if this sale should be held good, Burns, after getting nearly all the money belonging to the minors, would get back the land besides; for the case shows that it is worth little, if any, more than the amount now due. But happily for the

interest of the minors, and the cause of justice, this great wrong will not be perpetrated ; for the purchase by the guardian was entirely void, and the action of the Probate Court conferred no authority on him.

The judgment will be reversed and the cause remanded ; the other judges concur.