The St. Louis, Alton and Terre Haute Railroad Company

*v.*

John W. Karnes.

*Filed at Mt. Vernon January 18, 1882.*

1. EMINENT DOMAIN—*lawfulness of possession obtained under the act— before and after a reversal.* After an appeal had been prayed and allowed in favor of the land owner, in a proceeding to condemn his land for a right of way, in which his compensation had been fixed by a jury, the railroad company seeking the condemnation paid the sum found by the jury to the county treasurer, and gave the proper bond, as required by the statute, to give a right to enter upon the land. Before the judgment in the proceeding was reversed, on the appeal to this court, the land owner accepted the money deposited with the treasurer, which he never offered to return, and without causing the remanding order to be filed and the cause redocketed for further proceedings brought ejectment against the lessees of the railroad company for the land used as a right of way: *Held*, that as the possession, when first taken, was lawful, the mere reversal of the judgment without taking any further steps, or returning or offering to return the money paid, did not render the continuance of such possession unlawful, and that the action could not be maintained.

2. The reversal of a judgment condemning land for a right of way, on appeal by the land owner, will not divest the possession of the corporation

procuring the condemnation lawfully obtained, or render its continuance unlawful. It has no effect whatever upon the right of possession. In such case, if the land owner deems the compensation allowed and paid to him as insufficient, he should, within two years after the reversal, have the cause remanded and docketed, giving the proper notice, and have another trial. If he fails to do so, and retains the sum paid him, he may be regarded as abandoning any claim for further compensation.

3. EJECTMENT—*must be an unlawful entry and unjust detention.* The action of ejectment proceeds for the possession of premises, claiming that they have been unlawfully entered and unjustly withheld, and facts which go to disprove these, make a legal defence.

APPEAL from the Circuit Court of Saline county; the Hon. N. M. LAWS, Judge, presiding.

Messrs. YOUNGBLOOD & MOYERS, for the appellant, contended that the acceptance of the compensation fixed by the jury by the appellee, pending his appeal, and his retaining the same after reversal of the judgment of condemnation, estops him from maintaining ejectment for the land embraced in the right of way, citing Bigelow on Estoppel, 514; *Raplee* v. *Stewart*, 27 N. H. 310; *Duff* v. *Wynkoop*, 74 Pa. St. 300; *Swanson* v. *Tarkington*, 7 Heisk. 612; *Keen* v. *City of Chicago*, 38 Ill. 322; *Martel* v. *City of East St. Louis*, 94 id. 67; *McCarthy* v. *Lavasche*, 89 id. 270.

That an estoppel may be shown in defence of an action of ejectment: *Noble* v. *Christman*, 88 Ill. 186.

It was not the duty of the company to have the case redocketed. The acceptance of the condemnation money pending the appeal, and its retention, justified the assumption that Karnes had concluded to acquiesce in the assessment. Laws of 1877, p. 745, secs. 84, 85.

The evidence offered and refused showed a rightful entry upon the premises, and a lawful continuance of that possession, and should have been admitted as showing a defence.

Mr. H. H. HARRIS, for the appellee:

The condemnation proceeding upon which appellant relies for a defence was reversed, and has never since been redock-

eted, and hence the proceeding to condemn has been abandoned. Laws of 1877, p. 152, sec. 34.

An estoppel *in pais*, being merely an equitable right, can not avail in a suit at law. In ejectment the legal title must prevail. *Blake* v. *Fash*, 44 Ill. 303; *Mills* v. *Graves*, 38 id. 464.

If the appellant had purchased the land from Karnes, and paid him in full, still Karnes could maintain ejectment. *Fleming* v. *Carter*, 70 Ill. 280.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of ejectment, brought by Karnes, the appellee, against the St. Louis, Alton and Terre Haute Railroad Company, the appellant, to recover possession of the lands described in the declaration, which are occupied by appellant as right of way for the Belleville and Eldorado railroad, of which road appellant is lessee. The plaintiff recovered, and the defendant appealed.

On the trial in the court below the defendant offered in evidence the record of a condemnation proceeding had in the county court of Saline county, where the lands in controversy are situate, on petition of the Belleville and Eldorado Railroad Company to condemn these lands of the plaintiff for the right of way of such railroad, showing that a trial was duly had between the parties, before a jury, for the assessment of the compensation for such right of way, the verdict of a jury fixing such compensation, and judgment duly rendered thereon, the taking of an appeal from the judgment by Karnes to the Supreme Court, on December 18, 1876, and the prescribing by the court, under the statute, of the bond which the railroad company should give to authorize its entry upon the use of the property condemned. The plaintiff objected to the introduction of the record, on the ground that the judgment had been by the Supreme Court, at its June term, 1878, reversed, and the cause remanded, and had never,

by either of the parties, been reinstated on the docket of the Saline county court, which objection the court sustained, and rejected the offered evidence. An offered receipt by Karnes from the county treasurer of Saline county, dated February 17, 1877, of the condemnation money paid by the railroad company, was in like manner rejected. Karnes testified in the case, that on February 27, 1877, he received from the county treasurer of Saline county the condemnation money paid to the treasurer by the railroad company for the right of way over his lands for which this suit was brought; that he had never paid, or offered to pay, any part of the money back to the railroad company, or any of its agents, and that he did not propose to pay it back, for he thought the company had damaged him more than that amount.

It was admitted by the parties that the judgment in the condemnation proceeding was by the Supreme Court reversed, and the cause remanded, after Karnes received the condemnation money from the county treasurer, and that the railroad company executed the bond, as prescribed by the court, at the time of taking the appeal by Karnes, and that the railroad company paid all the condemnation money fixed by the jury before the company entered on the premises; that the defendant company was the lessee of the Belleville and Eldorado railroad company, and as such lessee occupied the premises described in the declaration.

We are of opinion the court below erred in rejecting the evidence of the record of the condemnation proceedings, and that such evidence, if it had been admitted, would have shown, in connection with the other evidence in the case, a defence to the suit. It would have shown the ascertainment, by the verdict of a jury under the Eminent Domain act, of the compensation to be paid by the railroad company for the land, an appeal taken from the assessment by the land owner, and the giving thereupon by the railroad company of the requisite bond, under the statute entitling it to

enter upon the use of the property on payment of the compensation fixed by the jury, the full payment by the railroad company of such compensation, and its acceptance and the retaining of it ever after by the owner of the land. After the amount of the compensation to be paid to the land owner has been found by the jury, under the Eminent Domain act, the 10th section of the act directs that the court shall make an order that the petitioner enter upon the property sought to be comdemned, and the use of the same, upon payment of the compensation as ascertained by the finding of the jury, and that such order, with evidence of such payment, shall constitute complete justification of the taking of the property.

There exists in this case the justification of such order and evidence of payment. ·True, an appeal was taken by the defendant in the proceeding, as provided for by sections 12 and 13. But it is the provision of the 13th section, that notwithstanding such appeal the petitioner shall have the right to enter upon the use of the property, upon entering into bond, with sufficient surety, to be approved by the court, to the party interested, for the payment to him of "such compensation as may be finally adjudged in the case." Such bond, so approved, was given by the railroad company. It paid the compensation which had been adjudged, to the county treasurer, as the act prescribes may be, and the defendant in the proceeding received it from the treasurer, and the railroad company entered into the possession of the premises. This was a rightful possession, acquired in the exact mode prescribed by the statute, whereby the company might, after the taking of the appeal, rightfully enter upon the use of the property. This lawful possession, so acquired, has remained ever since, for aught we see. The reversal of the judgment, on the appeal, did not divest the possession, or render its continuance unlawful. There is no intimation in the statute that the reversal shall have that effect, or any effect whatever upon the right of possession, it being entirely silent in

that regard.    The company had the enjoyment of the use of the land, and, as an equivalent therefor, the defendant had the compensation for such use, as it had been ascertained by the finding of a jury, and he held the bond of the company for the payment of any further compensation which might be adjudged in the case.    No further compensation has been adjudged, so that there has nothing occurred since the entering into possession to affect the railroad company with any default whatever.

The judgment appealed from was reversed for error in an instruction given to the jury.    Had the defendant, after the reversal, desired the opportunity of having the question of his right to any further compensation submitted to trial before another jury, it was open to him to proceed further in the case for such purpose.    He lay by for two years without taking any step in that way.

It is the provision of the statute that when a cause is remanded by the Supreme Court, upon a transcript of the order of the court remanding the same being filed in the court from which the cause was removed, and the prescribed notice given to the adverse party, the cause shall be reinstated therein, and that if neither party shall file such transcript within two years from the time of making the final order of the Supreme Court remanding any judgment or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein.    (Laws 1877, p. 152, secs. 83, 84.)    If, by delay in not moving to have the proceeding reinstated in the county court within the two years limited by the statute, appellee has lost his chance for having an assessment of any further compensation made in that case, the fault is his own.    The railroad company had given to it the right of entering upon the use of the property, with its bond given for the payment of such compensation as might be finally adjudged in the case.    The company being content with the compensation that had been assessed in the case,

which it had paid and the defendant had accepted, and it failing after the reversal to take any step toward the reinstatement of the case in the court below, it was for the defendant to move in that direction in order to have another assessment of compensation made in the case, and his not doing so might warrant the conclusion that he was content with the compensation which had been adjudged and received by him. At any rate, we can not see how the company's rightful possession, given to it under the statute, can be regarded as changed into a wrongful possession, so long as it is in no default in not paying any further compensation adjudged in the case.    As said by this court in *Stow* v. *Russell*, 36 Ill. 36, ejectment "proceeds for the possession of the premises, claiming that they have been unlawfully entered into and unjustly withheld.    Facts which go to disprove these, make a legal defence."

There would not appear here to have been an unlawful entry into or an unjustly withholding of the premises claimed, but, on the contrary, a possession by defendant which had been expressly given by the statute.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*