GRAY v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Ejectment**: EVIDENCE. In an action of ejectment by a land owner to recover possession of land condemned for a right of way for a railroad, the record of the condemnation proceedings is admissible in evidence.

2. ———: CONDEMNATION PROCEEDINGS: ESTOPPEL. Where the owner of land appeared by agent before commissioners, appointed in proceedings under the statute, (Gen. St. 1865, p, 352, §§ 1, 2, 3,) to condemn such land for a right of way for a railroad, and endeavored to increase the amount of their finding, and appeared in court by attorney and objected to the award because it was insufficient, but made no objection to the construction of the road, and took no legal steps to prevent its construction, he cannot maintain an action of ejectment against the railroad company to recover possession of the land.

3. **Condemnation Proceedings**: POWERS OF JUDGE OR COURT. Proceedings to condemn land for a right of way for a railroad, are purely statutory, and the powers possessed by the judge at chambers or by the court in appointing commissioners, reviewing and setting aside their report and appointing new commissioners, are limited and prescribed by statute, and can only be exercised in the manner provided by the legislature.

4. ———: VESTED RIGHTS. When commissioners have been appointed, have made their report and their award has been paid to the clerk, for the owner of the land as provided by statute, (Gen. St. 1865, p.

352, ¿ 3,) the company is vested with the interest in the land for the purposes appropriated, and mutual rights are created which cannot be divested, except by consent of both parties, unless the company, as provided 'by statute, shall elect to abandon the proposed appropriation of the land.

5. ――――: ――――. Plaintiff's land having been condemned upon proceedings at the instance of one company, the money paid to the clerk, the land reduced to possession, the road constructed and put in operation, and sold to defendant company, such first company cannot afterward, by motion, dismiss the proceedings as to plaintiff, such action being an interference with vested rights.

6. ――――: FOREIGN ROAD. A railroad company incorporated and existing under the laws of an adjoining state, is empowered by statute, (R. S. 1879, ¿ 790 ; Laws 1870, p. 90, ¿ 2,) to obtain, in this State, a right of way by condemnation proceedings.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*John O'Day* for appellant.

The fee to the streets in the city of Joplin, is in the town. Respondent cannot maintain ejectment against defendant for that portion of the streets occupied by its road ; yet the lower court has rendered judgment and ousted the defendant from the streets and alleys. Gen. St. 1865, p. 248, § 8 ; R. S. 1879, § 6573 ; *Adams v. Railroad Co.*, 11 Barb. 414 ; *City of Cincinnati v. White*, 6 Peters 431 ; *Canal Trustees v. Havens*, 11 Ill. 554 ; *Hunter v. Middleton*, 13 Ill. 54 ; *Leach v. Waugh*, 24 Ill. 228 ; *Drake v. Railroad Co.*, 7 Barb. 508 ; *Hoboken, etc., Co. v. Mayor*, 36 N. J. Law 540 ; *Dummer v. Selectmen of Jersey City*, 20 N. J. Law 109 ; *Porter v. Railroad Co.*, 33 Mo. 137 ; *Des Moines v. Hall*, 24 Ia. 234 ; *Reid v. Board of Education*, 73 Mo. 295. The description of the land in the petition is bad, as it was not described by lots and blocks, being in the city of Joplin. *Henry v. Mitchell*, 32 Mo. 512, 519 ; *Evans v. Ashley*, 8 Mo. 178 ; *Hannibal v. Draper*, 15 Mo. 634; *Ragan v. McCoy*, 29

Mo. 359. A railroad duly incorporated under the laws of an adjoining state, can construct a road in and through this State, and may exercise all the powers and privileges conferred by the general laws of this State upon a railroad incorporated here. R. S. 1879, § 790; Laws 1870, p. 90, § 2. A *de facto* railroad company may exercise the right of eminent domain, and its power to do so cannot be questioned in a collateral proceeding of this character. It can only be done by a direct proceeding by the State for that purpose. *Reisner v. Strong*, 24 Kas. 410; *Brookville, etc., v. McCarty*, 8 Ind. 392; *Dequindore v. Williams*, 31 Ind. 444; *Evansville R. R. Co. v. Evansville*, 15 Ind. 395; *McAuley v. Railroad Co.*, 83 Ill. 348. The State must proceed by direct judicial proceeding to forfeit a charter. *Trustees, etc., v. Beers*, 2 Black 448; *State v. Adams*, 44 Mo. 570; 35 Mo. 190; 22 Wend. 653; *Parker's Appeal*, 64 Pa. St. 137; *Supervisors v. Garrell*, 20 Gratt. 484; *Cotton v. Boom Co.*, 22 Minn. 372. The question of forfeiture cannot be raised in a proceeding to condemn. *Oregon, etc., R. R. Co. v. Bailey*, 3 Ore. 164; *West v. Ins. Co.*, 31 Ark. 476; 23 Wend. 254; 5 Duer 677; 1 Abb. (U. S.) 9; *Bruffet v. Railroad Co.*, 25 Ill. 310; *State ex rel. Pittman v. Adams*, 44 Mo. 570; *Cleveland, etc., R. R. Co. v. Beers*, 65 Pa. St. 225. The railroad company might elect, within ten days after the return of the assessment, to abandon the proceedings, but it could not after that time. R. S. 1865, p. 352, § 3; R. S. 1879, § 894; *St. Louis, etc., R. R. Co. v. Karnes*, 101 Ill. 402. The railroad company having rightfully entered, cannot be ejected even if it afterward forfeited its right, without first being notified to quit. *C., B. & Q. R. R. Co. v. Knox College*, 34 Ill. 195; *Jackson v. Wheeler*, 6 John. 272; *Kas. Pac. R'y Co. v. Mihlman*, 17 Kas. 224. The plaintiff did not, by any legal means or otherwise, resist the right of the Kansas City, Joplin & Little Rock Railroad Company to construct its road on its lands. He permitted the defendant's lessors to transfer the possession of the road to defendant company, and suffered defendant to take quiet and peaceful possession, and operate

the road for more than two years afterward without objection, and he thereby waived his right to maintain an action of ejectment. *Provolt v. Railroad Co.*, 57 Mo. 256; *Hubbard v. Railroad Co.*, 63 Mo. 68; *Kanaga v. Railroad Co.*, 76 Mo. 207. The order dismissing the condemnation proceedings is void, and the case is yet pending and undisposed of. Proceedings to condemn right of way for a railroad, are purely statutory. The statute is the only guide of the judge or court. The power granted to the court in condemnation proceedings, confers special and limited jurisdiction, and the record of the proceedings must show all the facts which give jurisdiction to make the order, otherwise the judgment will be void. R. S. 1865, pp. 252, 253, §§ 2, 3, 4; *State v. Woodson*, 41 Mo. 227; *Stebed v. Stock*, 31 Mo. 456; *McCoy v. Zane*, 65 Mo. 11; *Railroad Co. v. Campbell*, 62 Mo. 585; *Wood v. Boots*, 60 Mo. 546; *Ells v. Railroad Co.*, 51 Mo. 200; *People v. Brooklyn*, 1 Wend. 318; *Crowner v. Railroad Co.*, 9 How. Pr. 457; *Neal v. Railroad Co.*, 31 Pa. St. 19; *Pollard v. Moore*, 51 N. H. 188; *Jones v. Oxford Co.*, 45 Me. 419; *Lafayette v. Shultz*, 44 Ind. 97; *Hupert v. Anderson*, 35 Ia. 578; *Strafford v. Mayor, etc.*, 1 John. 541; *In re the Mayor, etc.*, 20 John. 269.

*M. L. Gray pro se.*

Action of ejectment was the proper remedy on the facts of this case. *Anderson v. St. Louis*, 47 Mo. 485; *Walker v. Railroad Co.*, 57 Mo. 275; *Armstrong v. St. Louis*, 69 Mo. 309; *Ellis v. Railroad Co.*, 51 Mo. 200; *Carpenter v. Railroad Co.*, 24 N. Y. 655; *Wager v. Railroad Co.*, 25 N. Y. 526; *Lozier v. Railroad Co.*, 42 Barb. 465. No acquiescence or act of respondent is shown, that brings this case within the principle of *Provolt v. Railroad Co.*, 57 Mo. 256; *Baker v. Railroad Co.*, 57 Mo. 265, or *Kanaga v. Railroad Co.*, 76 Mo. 207. The description of the land sued for is sufficient. Adams on Eject., side p. 23, *et seq.*; Tyler on Eject., 393 to 396. The condemnation proceedings were

properly excluded. 1 R. S. 1879, § 892; Gen. St. 1865, p. 351, § 11; 2 Dillon on Munic. Corp., § 482; *Lamb v. Lane*, 4 Ohio St. 167; *Wells v. Co. Road*, 7 Ohio St. 16; *Stewart v. Baltimore*, 7 Md. 351; *State v. Grave*, 19 Md. 351. There was no error in instructions given for respondent. No error in refusing appellant's instructions refused. Adams on Eject., side p. 391; *Goodtitle v. Toombs*, 3 Wils. 118, 121; *Jones v. Manly*, 58 Mo. 559, 563; 1 R. S. 1879, § 3557; *Newton v. Miller*, 49 Mo. 298; *Bolinger v. Carter*, decided at Oct. term 1883, not reported, and other cases cited in argument; *Thurston v. St. Joseph*, 40 Mo. 512; *Hannibal Bridge Co. v. Schaubacker*, 57 Mo. 582; Adams on Eject., side p. 21, and note 1; *Cooper v. Smith*, 9 Serg. & Rawle, 26; *Jackson v. Hathaway*, 15 J. R. 447, 453 side p.; *Whitebeck v. Cook*, 15 J. R. 491; *Peck v. Smith*, 1 Conn. 129; *Stackpole v. Healy*, 16 Mass. 33; *Bolling v. Mayor*, 3 Rand. 572; *Lozier v. N. Y. Cent. R. R. Co.*, 42 Barb. 465; *Wager v. Troy Union R. R. Co.*, 25 N. Y. 526; *Carpenter v. Oswego R. R. Co.*, 24 N. Y. 655; *Mahon v. N. Y. Cent. R. R. Co.*, 24 N. Y. 658. As to *remittitur*—*Johnson v. Robertson*, 1 Mo. 615; *McAllister v. Mullanphy*, 3 Mo. 38; *Johnston v. Morrow*, 60 Mo. 339; *Phillips v. Evans*, 64 Mo. 22; *Miller v. Hardin*, 64 Mo. 545, 547; *Clark v. Bullock*, 65 Mo. 535; *Higgs v. Hunt*, 75 Mo. 106, 107; *Sharp v. Johnston*, 76 Mo. 660, 674. Motion in arrest properly overruled. 1 R. S. 1879, § 3707.

EWING, C.—This was an action in ejectment, commenced in August, 1880, to recover of defendant a part of the east half of the southwest quarter of section 3, township 27, range 33. The petition is in the ordinary form and the answer a general denial.

Plaintiff read in evidence against defendant's objections, a patent from the United States, and then evidence tending to show the damage sustained, and that defendant was in possession; and one witness testified, that he, as the agent of the plaintiff, appeared before the commissioners who were appointed to appraise the damages for the right

of way, and read decisions of the Supreme Court as to the measure of damages, and argued before the board, that the damages awarded were not sufficient; and, that he objected to the road going on. Defendant then offered evidence as to the amount of damage sustained, and then offered the record of the proceedings for the appointment of commissioners, and condemnation of the right of way in the case of the Kansas City, Joplin & Little Rock Railway, against M. L. Gray and others, which latter company built the road, and which was afterward sold to the defendant. The record was objected to by the plaintiff, and the objections sustained and the record excluded. This record showed that a petition was filed, Gray notified, commissioners appointed, who assessed the damages at $245, which were paid over to the clerk of the circuit court. Respondent filed his answer to the petition for condemnation, withdrew it and filed a demurrer, also filed his objections to the report of the commissioners, upon the ground that the damages were insufficient. It also showed, that the demurrer was sustained, and petition amended in some particular; and in March, 1880, long afterwards, the court, on motion of the Kansas City, Joplin & Little Rock Railway, dismissed as to Gray. The defendant asked, and the court refused the following instruction:

2. The court instructs the jury, that if they believe from the evidence, that plaintiff's land occupied by the defendant, is a part of a long line of railroad, operated by the defendant from Girard, in Kansas, via Joplin, Mo., to St. Louis, and that said portion of said railroad was constructed over plaintiff's land with the knowledge of plaintiff or his agents at the time, and that plaintiff did not object to the construction of said railroad, but only as to amount of or measure of damages to be paid him for the right of way, and that this suit was not brought, or any objection made by plaintiff to the construction of said road, until long after the same was completed and in operation, then the plaintiff

is estopped from recovering in this case, and they will find the issues for the defendant.

I. This condemnation proceeding was commenced under sections 1, 2 and 3, General Statutes, 1865, p. 352, which provided, that railroad corporations might file their petition before the circuit court or judge in vacation, setting out the requisite things, and the judge should appoint commissioners who should proceed to assess damages and report, and, that the clerk should record the report; that "thereupon such company shall pay to the said clerk, the amount thus assessed, for the party in whose favor such damages have been assessed; and on making such payment, it shall be lawful for such company to hold the interest in said land so appropriated, for the uses aforesaid; and upon failure to pay the assessment aforesaid, the court may, upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution, unless the said company shall, within ten days from the return of such assessment, elect to abandon the proposed appropriation of any parcel of land, by an instrument in writing to that effect, to be filed with the clerk of said court, and entered on the minutes of said court, and as to so much as is thus abandoned, the assessment of damages shall be void."

In the case of *Provolt v. C., R. I. & P. R. R. Co.*, 57 Mo. 256, it appears that in 1870 and 1871, the Chicago & Southwestern Railroad Company constructed its road-bed over plaintiff's land; in February, 1871, it commenced proceedings under the statute to condemn the right of way; that commissioners were appointed and assessed damages at $75, which was paid to the clerk. That exceptions to the report were filed by plaintiff and new commissioners appointed; that, in the meantime, the company entered upon the land, and proceeded to construct its road, and then leased its whole line to defendant, who, thereafter, held possession and continued to operate it; that the new commissioners assessed the damages at $175, and the court made an order that, upon the payment of the judgment, the right of way over

the land should vest in the company; and that this sum was never paid by the company. Thereupon, plaintiff brought ejectment and recovered judgment. The court says: "It is very clear from the record, that the plaintiff was cognizant of all the facts, and knew every step taken by the company in regard to the location, construction and operation of the road over his property. He made no objections whatever, to anything that was done in that respect, only objecting to the report of the commissioners on account of the inadequacy of the assessment. He pursued the statutory course by having new commissioners appointed and his damages raised, but there his interference ceased." And then hold that under such circumstances ejectment will not lie.

In *McAuley v. Western Vermont R'y Co.*, 33 Vt. 311, it is said: "It being admitted, as it seems to be, that the plaintiff had full knowledge of the proceedings of the company to locate and construct their road upon his land, before and during all the time of the construction, and that he did not interfere in any way, to prevent the occupation of the land for the purposes of the road, otherwise than by forbidding the hands working on the road until his damages were paid, and that on only a single occasion, it becomes an important inquiry, whether he can maintain ejectment for the land, by reason of the non-payment of his damages."

The *St. L., A. & T. H. R. R. Co. v. Karnes*, 101 Ill. 402, was a suit in ejectment to recover lands occupied by the road as right of way. The defendant railroad offered in evidence condemnation proceedings under the statute which showed a trial by jury, verdict and judgment for plaintiff, a certain sum; an appeal by plaintiff to the Supreme Court, a reversal of the judgment, and a payment by the road of the amount found by the jury. There was no further proceedings in the lower court, after reversal, by either party. The court held that the rejection of the record of the condemnation proceedings was erroneous. In the case at bar, the evidence clearly shows, that Gray appeared by agent before

the commissioners, and endeavored to increase the amount of their finding. He appeared in court, by attorney, and objected to the award because it was insufficient in amount, but made no objection to the construction of the road, and took no legal steps to prevent its construction. His agent testified, that the condemnation proceeding was a short time before the road was built. "It was staked off and located, and soon after was graded. I objected to the road going on." This is all. Nothing shown by which it may be inferred, how or where, or to whom this objection was made. It may have been made to some one in no wise connected with the company, or after the road was graded and ready for the rails. It is not stated whether this objection was because the commissioners had not awarded sufficient damages, or whether it was because the plaintiff had not received the money for the award. This objection evidently amounted to nothing. *McAuley v. Western Vermont Railway, supra,* it was said the plaintiff " did not interfere in any way to prevent the occupation of the land for the purposes of the road, otherwise than by forbidding the hands working on the road until his damages were paid, and that, on only a single occasion." This, held to be no such objection as would authorize the plaintiff to maintain ejectment. In this case the witness said: " I objected to the road going on." More than that, this same witness testified: " I only appeared specially for Mr. Gray as to the measure of damages; he sent me some law books to read to the commissioners." " If from negotiation in regard to the price of the land, or for any other reason, there be just ground of inference that the works have been constructed with the express or implied assent of the land owner, it would seem wholly at variance with the expectation of the parties, and the reason of the case, that the land owner should retain the right to enter upon the land, or to maintain ejectment. There are other effective and sufficient remedies. A court of equity would unquestionably interfere if necessary. 2 Redf. Am. R'y Cases (2nd Ed.) 253.

The only question we are called upon to decide is, whether, under all the facts and circumstances of this case, ejectment will lie, and we think it will not." *Provolt v. C., R. I. & P. R. R. Co., supra; Kanaga v. St. L., L. & W. R'y Co.,* 76 Mo. 207.

II. Proceedings to condemn right of way for a railroad, are purely statutory. The powers possessed by the judge at Chambers, or the circuit court in appointing commissioners, reviewing and setting aside the report and appointing new commissioners, are derived wholly from the statute, and in exercising those powers the judge, or court acts under limited and circumscribed authority, and possesses no powers but such as are expressly given by the statute, and these powers must be exercised at the time, and in the manner provided by the act of the legislature. The statute is the only guide of the judge or court, and the judge or court must proceed by the rules and in the manner it prescribes. *K. C., St. J. & C. B. R. R. Co. v. Campbell,* 62 Mo. 585; *Woods v. Boots,* 60 Mo. 546; *State v. Woodson,* 41 Mo. 227. Here the commissioners had been appointed and had made their report. The amount of the award had beeen paid to the clerk, as provided by the statute, for the owner of the land, and when that was done, the statute provides " it shall be lawful for such company to hold the interest in said land so appropriated, for the uses aforesaid." Gen. St. 1865, § 3, p. 352. Here are mutual rights created, which cannot be divested, except by consent of both parties, unless the company, before the money is paid to the clerk, and within ten days after the return of such assessment, shall elect to abandon the proposed appropriation of the land. The statute prescribes how the company may avoid this finding, before the money shall have been paid to the clerk. If " the company shall, within ten days from the return of such assessment, elect to abandon the proposed appropriation of the land by an instrument in writing to that effect, to be filed with the clerk, etc." This must be done in the manner, and within the time prescribed by statute. In this

case, some year or more after the payment of the money to the clerk, and the possession of the land by the company, and the construction and operation of the road, the Kansas City, Joplin & Little Rock Railway Company, long after its sale and transfer to the defendant, by motion, dismissed the proceeding as to Gray. The evidence shows that in May or June, 1879, the defendant bought the K. C., J. & L. R. Railway, and in March, 1880, it dismissed as to Gray. This could not be done. It interfered with vested rights. It was not authorized by the statute, under which alone the court could act. 20 Johns. 269. In *Crowner v. Watertown & Rome R. R. Co.*, 9 How. Pr. 457, it is held "where a railroad company, upon the award of the commissioners, has recorded the order and deposited the money as required, *  * the title of the premises became vested in the railroad company immediately." See, also, *People v. Prest. & Trustees of Brooklyn*, 1 Wend. 318; *Pollard v. Moore*, 51 N. H. 188; *Jones v. Oxford Co.*, 45 Me. 419; *City of Lafayette v. Shultz*, 44 Ind. 97.

III. It is insisted by the respondent, that the Kansas City, Joplin & Little Rock Railroad Company was organized under the laws of the state of Arkansas, and, therefore, had no right under the laws of this State, to condemn a right of way. Section 790, Revised Statutes, 1879, passed by the legislature in 1870 (Laws 1870, p. 90 sec. 2) provides, amongst other things, as follows: "Or any railroad company, duly incorporated, and existing under the laws of an adjoining state of the United States, may extend, construct, maintain and operate its railroad into and through this State, and for that purpose, shall possess and exercise all the rights, powers and privileges conferred by the general laws of this State, upon railroad corporations organized thereunder, and shall be subject to all the duties, liabilities and provisions of the laws of this State, concerning railroad corporations as fully as if incorporated in this State." This statute provides the power by which this Arkansas railroad company might obtain the right of way by condemnation,

which it seems was undertaken by the proceedings offered in evidence. This disposes of all the material questions in the case, and we are of opinion, that under all circumstances, ejectment cannot be maintained. The judgment is, therefore, reversed. All concur.