WILLIAM WINDLETON, Respondent, v. T. D. O'BRIEN *et al.*, Appellants.

Kansas City Court of Appeals, February 1, 1897.

1. **Guardian and Curator:** JURISDICTION OF PROBATE COURT: HOMESTEAD OF INFANTS. The probate court has no jurisdiction to order a curator of infant children to pay money in his hands to discharge an incumbrance on the homestead descended to them; and such order made and executed in the utmost good faith for the protection of the minors will not defeat an action on the guardian's bond to recover the money so paid. The guardian should proceed in such instance in the circuit court.

2. ———: ANNUAL SETTLEMENTS: EFFECT OF. Annual settlements will not bar the right to question any credit that may be contained therein.

*Appeal from the Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Blevins & Daniels* for appellants.

(1) There is no evidence in this record as to the terms or conditions of the bond executed by defendants as sureties of O'Brien, the curator of plaintiff's wards. Sureties are favorites in law and will not be

bound beyond the strict terms of their obligations. *Brewing Co. v. Hazen*, 55 Mo. App. 277; *State v. Churchhill*, 48 Ark. 426; 1 Brandt on Suretyship, secs. 92, 93. (2) The $143.50 was never paid over to O'Brien, the curator of plaintiff's wards, and the defendants, as his bondsmen, are not liable for same. The annual settlement by O'Brien is only *prima facie* evidence that he received the money. Defendants as his sureties may dispute it. *State to use v. Martin*, 18 Mo. App. 469; *State to use v. Jones*, 89 Mo. 470. (3) But even if he is chargeable with the money, the order of the probate court on September 12, 1892, gave O'Brien full authority to use the $143.50 in paying off the indebtedness upon the homestead of the minors in order to prevent a foreclosure and to preserve the estate of his wards. R. S. 1889, sec. 5311. (4) The curator shall have the care and management of the estate of the minors, subject to the superintending control of the probate court. In the exercise of such superintending control the court ordered the payment of this money. The payment was made in good faith, and was beneficial to the estate of the minors. R. S. 1889, sec. 5297. The order of the probate court, directing the payment of this money, recites every fact necessary to give the court jurisdiction and power to make it. It was within the jurisdiction of the court, as conferred by the statute, and the payment of the money under such order is a complete defense in this case. There is nothing whatever in the record that tends to invalidate this order. *Camden v. Plain*, 91 Mo. 118; *Rowden v. Brown*, 91 Mo. 432; *Price v. Real Estate Co.*, 101 Mo. 108; *Macey v. Stark*, 116 Mo. 494.

*A. L. Ross* for respondent.

(1) The court properly declared the law in the instruction given at the instance of plaintiff, declaring

that the order of the probate court made on the twelfth day of September, 1892, directing T. D. O'Brien, former curator, to pay to J. T. Todd the debt secured by mortgage or deed of trust upon the lands of Newton Hanby, deceased, was void, and a payment under said order constituted no defense to plaintiff's action. The probate court is of statutory origin and of limited jurisdiction, and the statute does not give said court power to make such an order. *Woods v. Boots*, 60 Mo. 546; *Church, etc., v. McElhinney*, 61 Mo. 540; *Scudder v. Ames*, 89 Mo. 521. (2) A court of law can deal alone with past occurrences while the peculiar province and distinguishing nature of a court of equity is to administer preventive justice, to entertain measures of precautionary relief, to forestall wrongs, or anticipated mischief. *Church v. Robertson*, 71 Mo. 336; *Scudder v. Ames*, 89 Mo. 521; *Gray v. Railroad*, 81 Mo. 135; *Estate of Glover & Shepley*, 127 Mo. 153, 164; *In re Final Settlement of Rickenbaugh*, 42 Mo. App. 336, 342. (3) It is admitted that the care and management of the estate of a minor is in his curator subject to the "superintending control of the probate court," as provided by section 5287, Revised Statutes, 1889, but such "superintending control" must be confined to the statutory and limited powers of the court. *In Re Final Settlement of Rickenbaugh*, 42 Mo. App. 328; *Ford, Adm'r, v. Talmage*, 36 Mo. App. 65, 71; *Scudder v. Ames*, 89 Mo. 521. (4) The law is well settled that the annual settlements of administrators and of curators of minors are not conclusive. *Picot v. Biddle*, 35 Mo. 38; *Ritchey v. Withers*, 72 Mo. 556; *State to use v. Hoster*, 61 Mo. 544; *State to use v. Reeper*, 82 Mo. 58; *West v. West*, 75 Mo. 208. The case of the *State to use v. Jones*, 89 Mo. 478 (cited by appellants), so holds.

ELLISON, J.—Newton Hanby died intestate leaving
a small personal estate and a small tract of land occu-
pied as a homestead.    He left surviving him six chil-
dren, four of whom were of tender years and entitled
to the homestead aforesaid until they should arrive at
the age of sixteen years.    Section 5439, Revised Stat-
utes, 1889.    The rental value of the home-
stead was from $50 to $60 per year.    It was
incumbered by a mortgage for $170, executed by Hanby
in his lifetime.    An administrator was appointed, and
so also defendant O'Brien as guardian for the four
infant children aforesaid.    There was paid out of the
estate to O'Brien as guardian the sum of $400, as is
provided by statute, as the absolute property of these
minor children.    Afterward, the administrator of the
estate and O'Brien, the guardian, united in a petition
to the probate court of Morgan county, reciting that the
minor children were aged eleven, eight, five, and three
years, respectively; the fact of the mortgage on the
homestead and that it could be rented for the benefit
of the children for from $50 to $60 a year.    That the
estate had no funds with which to discharge the mort-
gage.    That the estate of Hanby was indebted to vari-
ous creditors, other than the mortgage creditor, in the
sum of $235, and that there was not over $50 in assets
with which to pay such debts.  The petition further stated
that in the judgment and belief of the petitioners it
would be for the best interest of the estate and the ben-
efit of the minor children for the guardian to pay off
said mortgage out of the moneys of said minor children,
so as to save them the homestead aforesaid.    The pro-
bate court heard evidence on the petition and found
that it would be for the best interest of the minors to
discharge the mortgage, and made its order directing
the guardian to do so.    Defendant O'Brien, as such

FACTS.

guardian, paid $143.50 on such mortgage in partial discharge thereof. He was afterward allowed credit by the probate court in his settlement for the expenditure of that sum. Afterward, on his removal from the state, this plaintiff was appointed guardian for said minors in defendant O'Brien's stead. This plaintiff then instituted this proceeding in the probate court against O'Brien and his sureties for the said sum of $143.50, paid on the mortgage, and for $65 as accumulated rent on the homestead. The probate court gave judgment for plaintiff for $47.25 as rent, but refused judgment for the money paid on the mortgage. On plaintiff's appeal to the circuit court, the only question determined was as to the payment on the mortgage; that court holding that the order of the probate court to defendant O'Brien to discharge said mortgage was beyond the power of such court and void. Defendant brings the case here.

We feel constrained to hold that the circuit court properly declared the order of the probate court directing the guardian to discharge the mortgage to be void. The whole matter connected with the transaction, including the conduct of the probate judge and the defendant guardian, seems to have been done with the intention to benefit the infant children and save for them their homestead. and their action seems to have been characterized by the utmost good faith, the sole view being to benefit the infant children. And such benefit doubtless resulted from their action. But it seems there was no authority for it lodged with the probate court. That court has only such powers as are confided by statute, and the requisite authority is not found there. *Woods v. Boots*, 60 Mo. 546.

GUARDIAN and curator: jurisdiction of probate court: homestead of infants: payment of incumbrance on.

It is, however, certain that a condition was presented to the guardian which demanded some action on

his part to save to his wards their homestead, and in the equity powers of the circuit court he could, on proper presentation and under proper limitation, have obtained something in the protective nature he sought.

We think the evidence, in connection with the admissions, sufficiently shows the nature of the guardian bond sued on. The admission on this subject was doubtless intended to cover that point.

The point made on the credit given to the defendant guardian in his annual settlement for the sum paid on the mortgage must be ruled against defendant. The settlement being an annual exhibit, did not bar the right to question the credit or the transaction upon which it was based. The judgment will be affirmed.

———: annual settlement: effect of.

All concur.