Mackey v. Hyatt.

WILLIAM S. MACKEY, Respondent, v. THEO. HYATT, Appellant.

### Kansas City Court of Appeals, December 1, 1890.

1. **Attachment:** ACCOUNT PARTLY CONTRACTED IN FRAUD. An action on account was commenced by attachment on the ground that the debt sued for was fraudulently contracted on the part of the debtor. The finding was that the debt was so contracted, except the first two items, which were without fraud. *Held* the attachment should be sustained.

2. **Account:** SEVERABLE: SPLITTING DEMAND. A running account, though consisting of many items, is, nevertheless, a debt *in solido* and not severable, and is but one debt and the subject of but one action, and was either contracted in fraud or in good faith.

3. **Attachment:** AFFIDAVIT MADE BY AGENT APPEARING IN RECORD OR BILL OF EXCEPTIONS. If an affidavit in attachment is made by an agent for the plaintiff, it should so appear on the face of the affidavit or in the record proper, and it is not sufficient that it appears by testimony embodied in the bill of exceptions.

4. ———: JUDGMENT: APPEAL. Defendant in an attachment suit cannot appeal from a judgment on the plea in abatement; but on such judgment should file his exceptions and proceed to trial on the merits, and, if again defeated, should appeal the whole case.

ON MOTION FOR REHEARING.

5. ———: APPEAL: JUDGMENT: STATUTE: ABSTRACT. Although this case is brought up under the provisions of section 2253, Revised Statutes, 1889, appellant's abstract cannot aid him by showing that there was a final judgment on the merits when the order granting the appeal is from the judgment on the plea in abatement, which the clerk certifies was the final judgment rendered.

*Appeal from the Johnson Circuit Court.*—Hon. CHAS. W. SLOAN, Judge.

APPEAL DISMISSED.

*S. P. Sparks* and *W. W. Wood*, for appellant.

( 1 )   The affidavit was insufficient.   The affiant did not state that he made the affidavit for the plaintiff. R. S. 1889, sec. 526 ; *Gilkeson v. Knight*, 71 Mo. 404 ; *Claflin v. Hoover*, 20 Mo. App. 314.   ( 2 )   It being conceded that a portion of the goods, for the purchase price of which suit was brought, was bought before the alleged false statement was made, the attachment ought to have been abated.   *Estlow v. Hanna*, 75 Mich. 219 ; s. c., 42 N. W. Rep. 812 ; *Meyer v. Zingre*, 18 Neb. 458 ; s. c., 25 N. W. Rep. 727 ; *Mining Co. v. Raht*, 9 Hun. 208 ; *Wilson v. Harvey*, 52 How. Pr. 126.

*George F. Longan* and *Charles E. Yeater*, for respondent.

( 1 )   An affidavit in attachment, which does not show on its face that it was made by the affiant for the plaintiff, is sufficient, if it appears from the whole record that it was so made.   Hence the affidavit in question is sufficient for the reason that the record discloses the fact that W. B. Mackey, the affiant, was the son and employe of W. S. Mackey, the plaintiff, a wholesale dealer in boots and shoes, and was the manager of his business, and as such instituted this suit.   See same authorities cited by appellant, viz.: R. S. 1889, sec. 526 ; *Gilkeson v. Knight*, 71 Mo. 404 ; *Claflin v. Hoover*, 20 Mo. App. 314.   ( 2 )   Aside from the application of the payment, and notwithstanding the fact that a portion of the goods, for the purchase price of which suit was brought, were bought before the alleged false statement was made, the attachment should not have been abated,

for the reason that the suit is founded on a succession of bills making a single account, and not on several different causes of action pleaded in separate counts, some of which were fairly and others fraudulently contracted by the debtor, or some of which were causes of action such as, by the statute, no attachment could issue for. Hence the cases cited by appellant under this point, being cases of the latter description, have no application to the facts shown by the record herein, where the fraud in law violates the whole transaction.

ELLISON, J.—This action is on account, and was begun by attachment. The account is as follows:

| | | |
|---|---|---|
| "September 25, merchandise | $ 46 | 92 |
| September 25, merchandise | 48 | 25 |
| October 3, merchandise | 384 | 90 |
| October 3, merchandise | 49 | 08 |
| October 8, merchandise | 14 | 40 |
| November 2, merchandise | 18 | 25 |
| November 14, merchandise | 27 | 24 |
| November 14, merchandise | 17 | 60 |
| "Total | $606 | 44 |

"CREDIT.

"January 31, by cash ........................ $100 00

" Balance ............................. $506 44 "

The attachment was based on three statutory causes. The two first were found for defendant on the plea in abatement; the third, being that the debt sued for was fraudulently contracted on the part of the debtor, was found for plaintiff. The case shows that the first two items of the account were not fraudulently contracted; that the balance was contracted in fraud.

Defendant brings the case here, and complains that, inasmuch as a portion of the account was not fraudulently contracted, the attachment proceedings, depending upon that ground, must fail. Counsel have not

cited us to a case in this state upon the question presented, and we are compelled to dispose of it without such aid. After consideration, we have concluded that the attachment should be sustained, for the cause alleged, notwithstanding a portion of the account was contracted in good faith. The learned counsel for appellant confidently rely upon the cases of *Estlow v. Hanna*, 75 Mich. 219, and *Meyer v. Zingre*, 18 Neb. 458. But, in our view, those cases do not sustain the position taken in argument. The case of *Estlow v. Hanna* was an attachment in an action based on three several promissory notes. The facts were these: Plaintiff was defendant's surety on three notes, given to different parties, and he afterwards had to pay each of these notes. He thereupon brought the attachment. It was found by the trial court that plaintiff was fraudulently induced to sign only one of the notes, and the court held the attachment, for that reason, could not be sustained. The case of *Meyer v. Zingre* was an attachment on two several debts, one a note, the other an account. The account only was fraudulently contracted, and the court held the attachment was not sustainable. It will be seen that each of these cases was based upon separate and distinct debts, representing separate causes of action, and arising from separate and distinct contracts, while the case at bar is an action for but one debt, and representing but one contract and one cause of action. It is an account consisting of many items, it is true, but it is, nevertheless, a debt *in solido* and not severable. It is a running account for merchandise, and an action on any part of it would bar an action for the balance. It could not be split up into suits on each item. It is but one debt which is the subject of but one action, and it was either contracted in fraud or in good faith. Ninety-five dollars and seventeen cents was not shown to have been contracted in fraud, while five hundred and eleven dollars and twenty-seven cents was shown to have been fraudulently contracted. That is,

in the purchase of the first two items in the account, the fraud had not begun. Now, when we admit that a part of an indivisible debt was contracted in fraud, we must say the entire debt was; that is to say, the fraud practiced characterizes the whole debt. The practical effect of any other view, in a case of this sort, would deprive the creditor of a right, as he could not bring two actions; he would be compelled either to renounce a part of his claim or forego his right of attachment. So that if his account should be one thousand and fifty dollars, one thousand of which was fraudulently contracted, he must, perhaps, lose the whole for want of an attachment, or renounce the fifty dollars. It may, however, be said that the illustration can be reversed, and that where, of the sum named, in the view here taken, only fifty dollars was fraudulently contracted, the debtor is subjected to an attachment for one thousand and fifty dollars. But it must be borne in mind that this is the debtor's own act that brings upon him this hardship, a hardship which he can avoid by abstaining from the fraud.

II. The affidavit for attachment is defective. It is not made by the plaintiff, nor does it appear upon its face, that it is made by "some person for him." R. S. 1889, sec. 526. It should properly appear upon the face of the affidavit that it is made for the plaintiff, but it is held that if it does not so appear it will suffice if that fact appears upon the record somewhere. *Gilkeson v. Knight,* 71 Mo. 404; *Johnson v. Gilkeson,* 81 Mo. 55; *Irwin v. Evans,* 92 Mo. 472. This does not, in our opinion, mean that it may be made to appear by testimony heard at the trial. Notwithstanding such testimony is embodied in a bill of exceptions and thus made a part of the record for a review by an appellate court, it is not a part of the record proper. In each of the cases just cited, it is shown by the record proper, as distinguished from the proceedings at the trial, that the affidavit was properly made. We shall, therefore, rule

the affidavit insufficient, notwithstanding proof at the trial that the affiant was plaintiff's agent and transacted the business over which the action rose. Since, however, an attachment affidavit can be amended in this state the plaintiff will be granted leave by amendment to correct or perfect the affidavit. *Claflin v. Hoover*, 20 Mo. App. 314.

We have considered defendant's third point of complaint, but think the principle he invokes not applicable to the undisputed facts in the case.

Since considering the foregoing we note the fact that there is no such judgment in the cause that defendant can appeal from. The judgment is only on the plea in abatement—not on the merits. When a defendant is defeated on a plea in abatement he should file exceptions and the cause should proceed to trial on the merits; after which, if defendant is again defeated, he may appeal the whole case, including the plea in the abatement. *Metzenberger v. Keal*, 31 Mo. App. 130; R. S. 1889, sec. 562.

That further litigation on this matter may be avoided we promulgate the foregoing, notwithstanding we dismiss the appeal. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—Among other things suggested in support of the motion for rehearing is the statement that the case is sent here under the provisions of section 2253, Revised Statutes, 1889, permitting an appellant to send up, in lieu of a full transcript of the record and proceedings in the cause, a certified copy of the judgment appealed from, the term and day of the term, month and year the judgment was rendered, together with the order granting the appeal, and upon which abstracts of the whole record are, by that statute, permitted to be made; that in pursuance of this statute appellant states that he has shown by his abstract that a final judgment on the merits has been rendered.

We cannot agree with appellant. The certified copy of the judgment must be the judgment "appealed from." The certified copy before us is a judgment on the plea in abatement. The order granting the appeal is from the judgment on the plea in abatement, and the clerk certifies that such judgment was the final judgment rendered. Such judgment, as has been shown, is not a judgment from which an appeal can be taken by a defendant in an attachment suit. Appellant's abstract showing that there was a final judgment on the merits does not aid him, as the only foundation for an abstract, under the foregoing statute, is the judgment that is appealed from, and the only judgment that a defendant, in this sort of case can appeal from, is the final judgment on the merits. In other words, it may be stated in a general way, that in order to authorize abstracts under the aforesaid statute, the judgment certified to us must be such a judgment from which an appeal will lie.

The other suggestions urged in support of the motion have been considered, but in our opinion furnish no ground for rehearing. The motion is overruled.