THE STATE *ex rel.* HYATT v. SMITH *et al., Judges of the Kansas City Court of Appeals.*

DIVISION ONE.

1. **Attachment:** PLEA IN ABATEMENT: APPEAL. The proceedings on a trial of a plea in abatement in an attachment suit are not reviewable on appeal by defendant until after final judgment on the merits.

2. **Court of Appeals:** MANDAMUS: APPEAL, Where a court of appeals in a cause properly cognizable in it determines judicially that an appeal is not well taken, either for lack of merit or for failure to comply with the prescribed forms of law, the supreme court will not review such ruling by *mandamus.*

3. **Mandamus.** *Mandamus* lies to require a court to exercise its lawful jurisdiction, but not to coerce a particular judgment or to rectify an erroneous one.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*S. P. Sparks* and *W. W. Wood* for relator.

(1) *Mandamus* will lie from the supreme court to the court of appeals to compel the reinstatement of an appeal improperly dismissed. *State ex rel. v. Philips,* 97 Mo. 331. (2) The statute requires the appellant to

cause a "certified copy of the record entry of the judgment order or decree appealed from" to be sent up. R. S. 1889, sec. 2253. The judgment appealed from in this case was clearly the judgment sustaining the attachment. R. S. 1853, sec. 562; *Duncan v. Forgey*, 25 Mo. App. 310; *Hicks v. Martin*, 25 Mo. App. 365; *Metzenberger v. Keil*, 31 Mo. App. 130. (3) The filing of the certified copy of the record entry of the judgment required by the statute is not jurisdictional, but is merely for the information of the clerk in docketing the appeal. It is in no sense the record or a substitute for it. The abstracts filed are the substitutes for the record. R. S. 1889, sec. 2253.

*C. E. Yeater* for respondents.

(1) Section 2253 of the Revised Statutes of 1889, providing that an appeal may be prosecuted by filing, in lieu of a perfect transcript in the cause, a certified copy of the record entry of the judgment, order or decree appealed from, does not abrogate the statutory requirement that the appeal must be taken from the final judgment. R. S. 1889, secs. 2253, 2246. (2) No appeal can be taken by defendant in an attachment suit from the judgment on the plea in abatement, and the same must be prosecuted from the final judgment on the merits. R. S. 1889, sec. 562; *Jones v. Evans*, 80 Mo. 567; *Davis v. Perry*, 46 Mo. 449; *Fagley v. Vail*, 11 Mo. App. 601; *Duncan v. Forgey*, 25 Mo. App. 310; *Metzenberger v. Keil*, 31 Mo. App. 130; *Garrett v. Greenwell*, 92 Mo. 120. (3) If it should be conceded that there was, in point of fact, a final judgment on the merits before this appeal, yet the appeal, as shown by the record, is from the plea in abatement, and not from the final judgment, and the case falls distinctly under the authority of *Davis v. Perry*, 46 Mo. 449. (4) From all that appears from the pleadings in this proceeding, and the certificate in the cause in question, the judgment on the merits, referred to in the relator's abstract

in the court of appeals, may have been rendered after the appeal was taken from the interlocutory judgment on the plea in abatement. (5) There must be filed in the appellate court, as a jurisdictional prerequisite, either a perfect transcript of the record or the certified copy of the final judgment, before an appellant can file an abstract of the record. Consequently the fact that the relator may have recited in his abstract the existence of the final judgment in the cause in question cannot aid him, nor cure his omission to file the certified copy of such final judgment. R. S. 1889, sec. 2253.

BARCLAY, J.—This is a proceeding in which relator seeks by *mandamus* to compel the judges of the Kansas City court of appeals to hear and determine a cause entitled *Mackey v. Hyatt*. The relator here was the defendant there.

That cause was an ordinary action, involving less than $1,000, begun by attachment. A plea in abatement was filed, upon which (after a trial) there was a finding for plaintiff, sustaining the attachment. Defendant made motions for new trial and in arrest, thereafter, which were denied. Exceptions, embracing the rulings at the trial of the attachment issue, and on the motions were duly saved by defendant in the usual way.

Defendant then, at the June term of the trial court, appealed to the Kansas City court of appeals, and filed there a certified copy of the judgment for plaintiff on the plea in abatement, under section 2253, Revised Statutes, 1889.

The Kansas City court of appeals dismissed the appeal, for reasons stated in its opinion (reported in 42 Mo. App. 443), the substance of which is that the judgment appealed from was not sufficiently final to support an appeal. Relator now seeks, by means of this writ, to command that court to reinstate the cause and to hear and determine it.

The State ex rel. Hyatt v. Smith.

It is conceded that the case in the court of appeals belonged to a class which falls within the constitutional reviewing power of that court. The latter had, therefore, jurisdiction of the subject-matter of that action. *Posthlewaite v. Ghiselin* (1889), 97 Mo. 420; *State ex rel. Scott v. Smith*, 104 Mo. 419.

The court did not refuse to consider the cause. On the contrary, it heard the same; and, in the exercise of its judicial functions, determined that the appeal was not supported by such a final judgment in the circuit court as was essential, under the law, to warrant a review of other questions in the record. So the present defendants, as judges of that court, dismissed the appeal. In so doing, we think they were plainly right in view of prior rulings of this court (*Young v. Hudson* (1889), 99 Mo. 102; *Jones v. Evans* (1883), 80 Mo. 567); but, whether right or wrong in that regard, we consider that their action is not reviewable by means of this writ.

It is a clear and established rule that, while *mandamus* may be used to require a court to entertain and exercise its lawful jurisdiction in a proper case, it cannot correctly be employed to coerce a particular judgment, or to serve the purpose of a writ of error by rectifying an erroneous one.

Within the sphere of its constitutional authority, a court of appeals has the same right to hear and determine questions of law, which the cases before it involve, as has this court in the cases which belong here. If the former court, in a cause properly cognizable there, determines judicially that an appeal is not well taken, either for lack of merit or for failure to comply with the prescribed forms of law, it is not for us to review such ruling by *mandamus*.

We deny the peremptory writ. All the judges of this division concur.