The State ex rel. Kansas City v. Field.

THE STATE *ex rel.* KANSAS CITY v. FIELD, *Judge.*

DIVISION TWO.

1. **Mandamus.** *Mandamus* will not lie to correct errors that may be corrected on writ of error or appeal.

The State ex rel. Kansas City v. Field.

2. ———: APPEAL: SPECIAL ASSESSMENTS. *Mandamus* will not lie to compel a judge to proceed with a cause to assess damages and benefits for a proposed street improvement, where he declined to do so upon the ground that the return of the officer upon the original order of notice to interested parties upon which order of publication was made was insufficient to give jurisdiction, but did not dismiss the proceeding or refuse to entertain a motion to amend the return or to issue an *alias* notice, since his ruling, if erroneous, could be corrected on appeal.

3. Publication: JURISDICTION: PRACTICE. A court has no jurisdiction to make an order of publication until due diligence has been shown in making personal service which must be shown by the return, since constructive service is not favored by the law, and all presumptions are indulged against it.

## *Mandamus.*

WRIT DENIED.

*F. F. Rozzelle* and *Frank H. Dexter* for relator.

(1) The supreme court has power to issue writs of *mandamus*, and to hear and determine the same, and its jurisdiction does not depend upon the fact that it would have appellate jurisdiction in the same matter. *State ex rel. v. Tracy*, 94 Mo. 217. A judge of the supreme court has authority to issue an alternative writ of *mandamus* in vacation. *State ex rel v. Weeks*, 93 Mo. 499; *Miller v. Vogel*, 12 Mo. App. 592. *Mandamus* must issue from supreme court in this case. *State ex rel. v. Rombauer*, 101 Mo. 499. (2) *Mandamus* lies to compel a court or judge to appoint commissioners for the assessment of damages and benefits. *Wilson v. Rice*, 45 Mo. 283; *Railroad v. Wilson*, 17 Ill. 128; Lewis on Em. Dom., sec. 387; High. on Injunctions, secs. 230, 250; *Carpenter v. Com'r*, 21 Pick. 258; *Railroad v. Dixon*, 30 Wis. 389; *Railroad v. Rucker*, 14 Ill. 353. (3) *Mandamus* lies to compel a court to proceed with a cause. *Costello v. Court*, 28 Mo. 259; *Miller v. Richardson*, 1 Mo. 310; *Cowan v. Doddridge*, 22 Gratt. 458; *State ex rel. v. Laughlin*,

75 Mo. 359; *Ex parte Schollenberger*, 96 U. S. 369; *Ex parte Parker*, 120 U. S. 737; *State ex rel. v. Phillips*, 97 Mo. 331; *Dixon v. Field*, 10 Ark. 243. (4) The return of *non est* was sufficient to warrant the court in making an *alias* order of publication to unserved parties therein. Charter of Kansas City, art. 8, sec. 5; Stephen's Pleading, 24; Burrill's Law Dict., "returns;" Rapalje's Law Dict., "returns."

*R. H. Field, pro se.*

GANTT, P. J.—This is a proceeding for peremptory writ of *mandamus* by Kansas City against respondent, who is one of the judges of the circuit court of Jackson county.

On the second day of April, 1891, the city passed an ordinance, number 2986, to grade Brooklyn avenue from Seventeenth to Eighteenth street.

By the terms of article 8 of the special or freeholders' charter, adopted in 1889, provision was made for the ascertainment of damages and benefits, if any, that may arise from the proposed grading of a street or highway in said city, pursuant to section 21, article 2, of the constitution of Missouri of 1875. By the charter, section 2, article 8, it is provided that when the property-owners to be disturbed or damaged by the grading of a street are entitled to remuneration under the constitution the ordinance shall prescribe and determine the limits within which private property is benefited by the proposed grading. It was also provided that the proceedings should be heard and determined in the circuit court of Jackson county. After the ordinance was duly passed and approved, the mayor was required to file a certified copy in the circuit court, and thereupon the court or a judge thereof should fix a day and place for assessing the damages and benefits and make an order reciting the ordinance, directed to all persons interested and notifying them of the day and place

fixed. "A copy of such order containing the name of such owner or party in interest shall be served, either by delivering to such owner a copy of the notices, or leaving such copy for such owner with some member of the family of such owner over the age of fifteen years."

"Corporations shall be served with such notice in like manner as with summons in ordinary civil causes, and, if service cannot be made on any or all of the parties as prescribed within the city limits, the returns shall so state, and the return on such notice shall be *prima facie* evidence of all facts stated therein. *Whereupon* a copy of the notice not fully served, and if necessary an *alias* notice, specifying a different day to be fixed by the court or judge, shall be published for two weeks in the newspaper at the time doing the city printing, before the day fixed for the ascertaining of the damages and benefits to arise from such grading or regrading, the last insertion to be not more than one week prior to the day so fixed for the hearing." "Such case may be continued and postponed from time to time."

"Services of the notices shall be made at least six days before the day fixed for the hearing." On or before the day set for the hearing all interested parties may file their claims. The service of notices may be made by any policeman, or any constable or other officer authorized to serve or return notices, and such return shall be evidence of the facts therein stated."

It was averred in the information for the alternative writ herein that all these preliminaries had been complied with down to the service of the notice ordered by the court of which respondent was judge; that from the return of the policeman it appeared he could not serve certain interested parties, and the court on October 12, 1891, the day fixed for assessing the damages and benefits, made an order of publication and set the hearing for November 2. On the second of November, proof of publication of the order was made and the

cause was continued to the seventh of November.  On the seventh day of November, 1891, the following record was made by respondent's court: "In the matter of grading Brooklyn avenue from Seventeenth street to Eighteenth street, number 11431.  This cause having been set for trial at the request of the city counsellor, the same is by the court called for trial.  Thereupon one of the parties to this cause, duly notified and served, directs the attention of the court to the returns of the policeman upon which publication of notice was made to absent parties defendant in this proceeding, and the *court deeming* the return of the policeman upon the original order of notice, and upon which publication to such absent parties was ordered made, to be insufficient to confer jurisdiction over the persons of such parties, the court declines to impanel commissioners and proceed to the consideration of the assessment of damages and benefits in this proceeding upon such notice and publication."  And thereupon the city counsellor complains, and asks that we direct the respondent to proceed with said cause, and require him to impanel a board of commissioners to assess the damages and benefits, if any, in grading said avenue, and to vacate the above order of record of November 7, 1891.  The relator avers that it has a number of other cases with similar returns, and that this action of the court will greatly retard the improvements of the city.  To this alternative writ respondent demurs.

The return of the policeman, which the circuit court adjudged insufficient, is as follows, after certifying that he had served various parties personally he says :

"I hereby certify that I have made diligent search and fail to find the following owners and parties in interest within named within the limits of Kansas City, Missouri, and am unable to make service upon them of the within notice, either by delivery of a copy thereof to them or by leaving such copy with a member of their respective family over the age of fifteen years:  Chas.

E. Heer, Jr., Mary McCaffeny, Adam Schaeffer, Chas. E. Rose, S. Watts, W. H. Clery, Wm. Kennedy, T. B. Thomas, John G. Barton. Witness my hand this twelfth day of October, 1891.

"CHAS. S. CURRY,<br>
"Police officer of Kansas City, Missouri."

It will be observed that Judge FIELD did not hold he had no jurisdiction of this proceeding, nor did he decline to permit the officer to amend his return, if as a fact he had complied with the ordinance, nor did he refuse the city counsellor an *alias* notice. He simply held the return, as to those not found or served, insufficient to justify service by publication. He did not dismiss the proceeding, nor has he refused to proceed with the cause. If he is wrong in his interpretation of the law, and the sufficiency of this return, it is at most only an error, which can be corrected by writ of error, or on appeal. It cannot be tolerated that a party may invoke the extraordinary writ of *mandamus*, every time the judge makes an error in his opinion. It was never designed this writ should usurp the function of a writ of error or appeal. Were the writ granted, it would simply require the learned judge to proceed to exercise his judicial discretion, and this he has not declined to do. Had he dismissed the case and declined absolutely to act, then a different case would be presented, and the case of *State ex rel. Harris v. Laughlin*, 75 Mo. 358, and similar cases to which we are cited would be authority for requiring him to hear the case, and proceed, but here he has only said there is an irregularity in the process. It is a judicial question, that he alone could decide in the first instance, whether his court had jurisdiction of the owners of the real estate who had not been served with notices according to the ordinance. Instead of refusing or hesitating to perform his duty, he promptly decided the return insufficient. It cannot be said, he has refused to exercise his jurisdiction. *State ex rel. Hyatt v. Smith*, 105 Mo. 6.

From his brief filed in support of his demurrer it appears he held the return bad on two grounds : *First,* that the officer did not certify that these interested parties " could not be found in Kansas City ;" he simply says "*he failed*" to find them. *Second,* that the officer does not show that he used due diligence to serve these notices six days before the return day. He says on the twelfth day of October, 1891, *I am unable to serve them.* The learned judge held that, after the time expired within which the officer could lawfully notify them, the writ was *functus officio.* It will be remembered that in this proceeding the circuit court is exercising a special jurisdiction, and this court in *Ells v. Railroad,* 51 Mo. 200, held that "courts of general jurisdiction exercising these statutory and summary proceedings stand upon the same footing as those courts whose jurisdiction is special and limited." *Woods v. Boots,* 60 Mo. 546.

The learned judge instead of being condemned should be commended for his watchfulness and care to see that he had jurisdiction over these owners of real estate before he proceeded to say they were not damaged, or should pay for benefits, real or imaginary. Until due diligence had been shown to serve the notices, and the returns showed these facts, there was no jurisdiction to make the order of publication. This was the condition precedent for such constructive service, a service not favored by the law, and against which all presumptions are indulged. *Schell v. Leland,* 45 Mo. 289 ; *Quigley v. Bank,* 80 Mo. 289 ; *Shields v. Miller,* 9 Kan. 390 ; *Palmer v. Cowdrey,* 2 Col. 1 ; *Bank v. Suman,* 79 Mo. 530. He could not exercise too much care in seeing he had jurisdiction.

As to other proceedings, they are not before us. It is clear to us that we ought not to interfere by *mandamus* with the respondent in this case. It may be that the officer has really served the notices as the ordinance

requires ; if so, we doubt not the circuit court will permit him upon proper evidence that he has so done, to amend his return to meet the views of the court, and the cause can proceed. If not, the ordinance is ample authority for an *alias* notice. The time required is short, and no great delay can occur. Demurrer will be sustained and the writ denied. All concur.