OSBORNE & CO. v. FARMERS' MACHINE COMPANY,
*Appellant.*

Division Two, March 14, 1893.

**Attachment:** ABATEMENT: APPEAL. No appeal lies in an attachment suit in favor of the defendant on a judgment against him on a plea in abatement where no appeal is prosecuted on the merits.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

APPEAL DISMISSED.

*T. B. Haughawout* for appellant.

Appellant could not take an appeal on the plea in abatement until after the trial on the merits.   Consequently an order of the circuit court allowing an appeal before the trial on the merits is void.   Revised Statutes, sec. 562, p. 226; *Fagley v. Vail*, 11 Mo. App. 601; *Duncan v. Forgey*, 25 Mo. App. 310; *Metzenberger v. Keil*, 31 Mo. App. 130.   Prior to the revision of 1879 a defendant could not appeal from a judgment against him on a plea in abatement.   Since the revision a defendant must file his exceptions and await judgment on the merits before appealing, which appellant did in this case.   It could not have appealed sooner.

*McReynolds & Halliburton* for respondents.

(1) The appeal in this case is taken from the judgment on the plea in abatement and not from the final judgment on the merits.   No appeal lies from any judgment except a final judgment, unless specially provided for by statute which is not done in attachment cases for defendants.   And the appeal in this case should be dismissed.   See Revised Statutes, 1889, secs. 562, 2246; *Anderson v. Moberly*, 46 Mo. 191; *Davis v. Perry*, 46 Mo. 449; *Jones v. Evans*, 80 Mo. 566; *Garrett v. Greenwell*, 92 Mo. 120; *Railroad v. Railroad*, 94 Mo. 535; *Young v. Hudson*, 99 Mo. 102; *Fagley v. Vail*, 11 Mo. App. 601; *Duncan v. Forgey*, 25 Mo. App. 310; *Mackey v. Hyatt*, 42 Mo. App. 443; *State ex rel. v. Smith*, 105 Mo. 6.   (2) The record shows two appeals by defendant in this case, one July 9, 1890, before final judgment, and one December 3, 1890, after final judg-

ment. But the last is expressly taken from the judgment on the plea in abatement and not from the final judgment, and no motion for new trial was filed after verdict on merits, and appeal should be dismissed. *Davis v. Perry*, 46 Mo. 449; *Jones v. Snodgrass*, 54 Mo. 597.

BURGESS, J.—This is a suit by attachment commenced in the circuit court of Jasper county, taken by change of venue to the circuit court of Newton county, where it was tried on a plea in abatement, on the twenty-fourth day of May, 1890, and judgment was rendered for plaintiff sustaining the attachment.

On May 26, 1890, defendant filed its motion for a new trial which was overruled June 30, 1890. On July 9, 1890, defendant filed affidavit for an appeal which was granted and defendant allowed sixty days in which to file a bill of exceptions. On the thirteenth day of November, 1890, the cause was tried on its merits and judgments rendered for plaintiffs. And on the third day of December 1890, defendant filed its affidavit for appeal from the judgment on the plea in abatement which was allowed.

There was but the one bill of exceptions filed, which was filed September 5, 1890, and no appeal was taken from the judgment on the merits.

Under section 562, Revised Statutes, 1889, defendant could not appeal from the judgment against it on the plea in abatement, and while it properly saved its exceptions, and filed its bill of exceptions, it never did appeal from the judgment on the merits; and this was absolutely necessary in order to get the case before this court for review of the trial and judgment on the plea in abatement. *Metzenberger v. Keil*, 31 Mo. App. 130; *Mackey v. Hyatt*, 42 Mo. App. 443; *State ex rel. v. Smith*,

105 Mo. 6; *Fagley v. Vail,* 11 Mo. App. 601; *Duncan v. Forgey,* 25 Mo. App. 310.

Section 562, Revised Statutes, 1889, *supra,* expressly provides that plaintiff in an attachment proceeding may appeal from the judgment on a plea in abatement against him, but it contains no provision authorizing the defendant to appeal from a like judgment against him on a plea in abatement sustaining the attachment. It follows that as no appeal was taken from the final judgment that this appeal must be dismissed. Appeal dismissed. All of this division concur.