Stewart v. Sparkman.

C. J. STEWART, Respondent, v. JOHN A. SPARKMAN, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Evidence:** PEREMPTORY INSTRUCTION. When there is any evidence tending to establish the allegations of the petition or new matter of the answer, it is error to withdraw the case from the jury by peremptory instruction.

2. **Practice, Appellate:** BILL OF EXCEPTIONS: FAILURE OF ABSTRACT TO STATE DATE OF FILING: APPEAL UNDER SECOND ALTERNATIVE OF SECTION 2253, REVISED STATUTES, 1889. Where appellant recites in his printed abstract that the bill of exceptions was filed in due time, but omits to state the date of filing, and the omission is duly brought to respondent's notice,—if, in fact, the bill was filed out of time, and respondent fails to file an additional abstract, showing when it was filed, the recital in appellant's abstract will be taken as true.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

REVERSED AND REMANDED.

*White & McCammon* for appellant.

The court erred in giving a peremptory instruction for plaintiff. *Cook v. R. R.*, 63 Mo. 397–402; *Wolff v. Campbell*, 110 *Id.* 114–120.

Every fact which might be reasonably inferred from the testimony in defendant's favor is presumed to be true. *Patton v. Bragg*, 113 Mo. 595–600; *Field v. R. R.*, 46 Mo. App. 449; *Helboth v. Gaal*, 47 *Id.* 255.

*A. Harrington* and *Henry C. Young* for respondent.

The bill of exceptions fails to set out the order giving the time for filing the bill, and can not be considered. *Hohstadt v. Daggs*, 49 Mo. App. 157; *Mason*

*v. Pennington*, 53 *Id.* 118; *Wesby v. Bowers*, 58 *Id.* 419; *Rines v. R'y*, 88 Mo. 392, 401; *R'y v. Carlisle*, 94 *Id.* 166; Finklenberg's App. Prac. 38; *State v. Griffith*, 98 Mo. 672, 674.

### APPELLANT'S REPLY.

The respondent objects that the bill of exceptions does not set out the original order fixing the time for filing the bill. This is unnecessary, the order fixing the time being a part of the record proper. *Lumber Co. v. Howard*, 76 Mo. 517.

In this case the order fixing the time for filing bill of exceptions is distinctly recognized as a part of the record proper. *Dinwiddie v. Jacobs*, 82 Mo. 195. *Whithaus v. Bank*, 18 Mo. App. 181. See, also, *Cay v. Moss*, 53 Mo. 432; R. S. 1889, sec. 2168; *State v. Scott*, 113 Mo. 559.

It is not necessary to set out the order fixing the time for filing the bill of exceptions in the abstract of the record, but a general statement that it was filed in due time is sufficient. *Kincade v. Griffith*, 64 Mo. App. 676; *Stewart v. Patton*, 65 *Id.* 21.

BLAND, P. J.—Action on promissory note for $496.69, dated March 27, 1895, due six months after date, payable to plaintiff, and executed by defendant. The answer is as follows:

"Comes now the defendant and for answer to the petition of the plaintiff admits that he executed the note sued on herein, but denies each and every allegation in said petition contained, except the allegation hereinbefore specifically admitted.

"Further answering this, defendant says that at or about the time of the execution of the note sued on herein, the plaintiff was owner of twelve shares of stock in the Stone County Bank, a corporation, of the par

value of twelve hundred dollars, and the defendant was owner of a certain tract of land in Greene county, Missouri, of the value of twelve hundred and fifty dollars, over and above all incumbrance; that the plaintiff and defendant mutually agreed to exchange the plaintiff his said stock for the defendant's said land, that the plaintiff represented that said stock was worth its par value over and above all dividends thereon, and the said parties agreed to trade, valuing said stock over and above all dividends at twelve hundred dollars and said land at twelve hundred and fifty dollars over and above the incumbrance thereon, that the plaintiff then, for the purpose of cheating and defrauding the defendant, represented to the defendant that a dividend had been declared to the stockholders in the said Stone County Bank, which dividend the plaintiff represented was then in said bank and would be paid in a short time, that the portion of said dividends falling to his share was five hundred and forty-six dollars and sixty-nine cents, and the plaintiff represented to the defendant that the said sum was now due him as a dividend in said bank and would be shortly paid, and the plaintiff then offered to sell to the defendant the alleged dividend and take defendant's note for the amount of the sum less the fifty dollars due defendant in the land trade aforesaid, the plaintiff representing to the defendant that the assignment of the stock aforesaid would carry with it the dividend also unless there was a stipulation to the contrary.

"And the defendant, relying upon the representation of the plaintiff that there was a dividend as above set forth and believing the said statements of the plaintiff true, was induced to execute the said note for the said sum of four hundred and ninety-six dollars and sixty-nine cents in payment for said dividend.

"Defendant further says that the statements made by plaintiff in relation to said dividend were wholly false, and that in fact and in truth there was no dividend in said bank at that time or at any time before or after that, all of which was well known to the plaintiff, and that the execution of the, said note was obtained by the false and fraudulent representations of the plaintiff, that the only consideration for the said note was the supposed dividend in the Stone County Bank, and there was no such dividend as represented aforesaid, nor any dividend at said time or at any other time.

"Wherefore by reason of the premises the plaintiff ought not to recover herein, and the defendant prays to be discharged with his costs."

To this there was a reply denying the new matter in the answer. Defendant, as a witness for himself, testified to every averment in his answer, constituting his defense in positive and unequivocal terms. His testimony, in part, was corroborated by one other witness. The plaintiff and other witnesses contradicted the defendant's testimony, and we may say the preponderance of the evidence was largely against the defendant. The issues were submitted to twelve jurymen; to whom, at the close of the evidence, the court gave a peremptory instruction to find for the plaintiff. This was error. Where there is any evidence tending to establish the allegations of a petition or new matter of an answer, the court has no authority to withdraw the case from the jury. *Cook v. Railroad*, 63 Mo. 397. It was for the jury to say whether they believed the defendant, and the truth of his testimony should have been submitted to them. *Wolff v. Campbell*, 110 Mo. 114. The record and bill of exceptions are here, under the second alternative of section 2553, Revised Statutes, 1889. The record, as certified

EVIDENCE: peremptory instruction.

BILL of exceptions: failure of abstract to state date of filing.

by the clerk, shows that thirty days were given appellant in which to file bill of exceptions. The date of its filing nowhere appears in appellant's printed abstract. He says in these abstracts that it was filed in due time. Respondent contends that this recital was insufficient; that it should appear affirmatively that the bill was filed within the time allowed by the court. Respondent was timely served with appellant's printed abstract, and the omission by appellant to state the date of filing bill of exceptions, was duly brought to his notice. If he was dissatisfied with appellant's printed abstract, and if, in fact, the bill of exceptions was filed out of time, he should have filed an additional abstract on his part, showing the date the bill was filed, as he might have done under the provision of the second alternative of said section 2253. Failing to do this, we will take the recital in appellant's abstract, that the "bill of exceptions was filed in due time," as a correct statement of the fact.

Judgment reversed and cause remanded. All concur.