THE STATE ex rel. CHICAGO, ROCK ISLAND and PACIFIC RAILWAY COMPANY v. SMITH et al., Judges.

In Banc, March 4, 1903.

1. **Appellate Practice:** DISMISSAL OF APPEAL: IMPERFECT ABSTRACT. If the abstract has been duly filed and served, the appeal can not be dismissed simply because that abstract is imperfect.

2. ———: ———: ———: COUNTER ABSTRACT: IMMATERIAL MATTER. If the abstract in an appeal brought up by the short process, was duly filed and served, the appellate court should not dismiss the appeal, but the statute contemplates, if the abstract is imperfect and the omission is material, that a counter abstract be filed by the opposite party. But where the certified copy of the judgment and order of appeal shows the day of the month and of the term when the judgment was rendered, and the substance of that judgment and the term at which rendered is set out in the abstract, the abstract can not be said to be imperfect simply because it fails to set out the day of the term and of the month when rendered, for without those specific data all matters material in the consideration of the question presented were sufficiently set forth in the abstract.

3. ———: ———: MANDAMUS. When a Court of Appeals has improvidently dismissed a case appealed to it, the Supreme Court will compel it by mandamus to exercise its jurisdiction to hear and determine the cause.

4. ———: DICTA IN OPINIONS. Dicta in opinions to be properly understood must be read in the light of the facts adjudged. When meant to apply to proceedings in the circuit court they are not authority in considering proceedings in the appellate court.

### Mandamus.

PEREMPTORY WRIT AWARDED.

*W. F. Evans, W. M. Williams* and *Frank P. Sebree,* for relator.

(1)    The Supreme Court has superintending control over all inferior courts in the state.    Constitution, sec. 3, art. 6.    And this jurisdiction includes such control by mandamus over the Courts of Appeals by express provision.    Sec. 8, Amd. 1884, p. 94, R. S. 1899; State ex rel. v. Philips, 97 Mo. 331; State ex rel. v. Rombauer, 101 Mo. 504.    (2)    Mandamus is the proper remedy where an inferior court improperly dismisses an appeal and refuses to hear the cause.    State ex rel. v. Philips, 97 Mo. 331; Ex Parte Parker, 120 U. S. 737; Harrington v. Holler, 111 U. S. 796; State ex rel. v. Young, 12 So. 673; State ex rel. v. Foster, 106 La. 425; Cowan v. Fulton, 23 Grattan 579; High's Ex. Legal Remedies (3 Ed.), 151; State ex rel. v. Public Schools, 134 Mo. 311; Ex Parte Parker, 131 U. S. 431; State ex rel. v. Cape Girardeau Court, 73 Mo. 560; Castello v. Circuit Court, 28 Mo. 259; Miller v. Richardson, 1 Mo. 310; State ex rel. v. Neville, 157 Mo. 386. (3) The abstract of the record complied with the statute and the rules of the Court of Appeals and was therefore sufficient. The requirement of both the statute and rule of court are that the abstract shall set forth so much of the record as is necessary to a full understanding of all the questions presented to the court for decision.    R. S. 1899, sec. 813; Rule 15, K. C. Court of Appeals.    The abstract plainly complied with these requirements. Rickett v. Hart, 150 Mo. 310; Ormiston v. Trumbo, 77 Mo. App. 310; Rickett v. Hart, 73 Mo. App. 647; Badger Lumber Co. v. Knights of Pythias, 157 Mo. 366; Stewart v. Sparkman, 69 Mo. App. 460; Keet Dry Goods Co. v. Brown, 73 Mo. App. 245.    (4)    If respondent was not satisfied with appellant's abstract he was permitted, under the statute and rule of court above cited, to file such additional abstract as he desired.    Failing in this he was bound by the recitals of appellant's abstract.    Rickett v. Hart, 73 Mo. App. 647.    (5)    The additional abstract was filed by appellant three days

before the case was heard by the court, and, therefore,. before issue had been joined within the meaning of rule 5 of the Court of Appeals. Western Wheel Company v. Kolkmeyer, 91 Mo. App. 288; Reno v. Fitz Jarrell, 163 Mo. 414. Consequently, no consent of the respondent to its filing was necessary, and the Court of Appeals, in dismissing the appeal, overlooked its own construction of said rule and also the construction thereof of the Supreme Court.

*Peery & Lyons* and *Harber & Knight* for respondents.

(1) As to the superintending control of the Supreme Court over the Court of Appeals: State ex rel. v. Rombauer, 125 Mo. 635; Bank v. Woeston, 144 Mo. 407; State ex rel. v. Rombauer, 140 Mo. 121. The superintending jurisdiction of the Supreme Court over the Court of Appeals by mandamus, prohibition and certiorari, must be exercised according to the usages and principles of the common law. State ex rel. v. Ct. of App., 99 Mo. 216. (2) Mandamus will not lie. The decision of the Court of Appeals complained of in this proceeding was a final determination by that court in a matter within its exclusive jurisdiction, and it can not be reviewed by the writ of mandamus. State ex rel. v. Smith, 105 Mo. 9; People v. Judges, 1 Mich. 359; U. S. v. Lawrence, 3 Dall. 42; Ex Parte Hoyt, 13 Pet. 290; People v. Judges, 20 Wend. 658; Lewis v. Barclay, 35 Cal. 214; State v. Lighter, 36 La. Ann. 200; Ewing v. Cohen, 63 Tex. 482; Ex parte Brown, 116 U. S. 401; High, Ext. Leg. Rem., secs. 154-173-191; State v. Judges, 105 La. 217; State v. Judges, 47 La. Ann. 1516; State v. Judges, 37 La. Ann. 111; People v. Weston, 28 Cal. 639; Hemstead Co. v. Graves, 44 Ark. 317; Railroad v. Dist. Court, 21 Nev. 409; State v. Wright, 4 Nev. 119; Com. v. Judges, 3 Bin. (Pa.) 273; Coriago v. Dryden, 29 Cal. 307; Elkins v. Athearn, 2 Denio 191; State v. Norton, 29 Kan. 506; Railroad v. Shinn, 60 Kan. 111; Davis v. York Co. Comrs., 63 Me. 396; State

ex rel. v. Neville, 110 Mo. 345; State ex rel. v. Field, 107 Mo. 445; State ex rel. v. McKee, 150 Mo. 233; High, Extr. Leg. Rem., secs. 156, 163, 190. It is well set-led that where an inferior court has acted judicially, mandamus will not lie to control its action. Trainer v. Porter, 45 Mo. 336; Strahan v. Co. Ct., 65 Mo. 644; State ex rel. v. Ct. of Apps., 87 Mo. 374; State v. Engleman, 86 Mo. 551; State v. Megown, 89 Mo. 156. (3) The dismissal of the appeal was a final judgment. An order that a cause be ''stricken from the docket of this court,'' is not a decision of the court in a cause, but a refusal to proceed; and if it can be redressed it must be by mandamus and not by appeal or writ of error. Astor v. Chambers, 1 Mo. 192. But the judgment in the case at bar dismissing the appeal and taxing the costs against the appellant is a final judgment from which an appeal or writ of error would lie. O'Connor v. Koch, 56 Mo. 253; Bowie v. Kansas City, 51 Mo. 454; State ex rel. v. Neville, 110 Mo. 349; Gray v. Dryden, 79 Mo. 106; Topping v. Grant Mfg. Co., 84 Mo. App. 42; Bohle v. Kingsley, 51 Mo. App. 389. In each of the cases relied upon by relator, the cause or the appeal was ''stricken from the docket,'' and not dismissed as in this case, upon the determination of questions of law involved in the appeal itself; in other words, in those cases the court refused to proceed in the cause or appeal but simply ''struck it from the docket.'' State ex rel. v. Cape Gir. Ct., 73 Mo. 560; State ex rel. v. Phillips, 97 Mo. 499; State ex rel. v. Neville, 157 Mo. 386; Miller v. Richardson, 1 Mo. 310; State ex rel. v. Laughlin, 75 Mo. 36. (4) The abstract of the record in the Court of Appeals was insufficient. (a) It fails to give any part of the record (except the bill of exceptions) in the language of the record, or any abridgment or epitome thereof as required by statute and the rules of the Court of Appeals. (b) It does not set out any final judgment so that the court may see that such a judgment was rendered as an appeal lies from. (c) It fails to show the date of trial; the date

of the judgment, or any record entry filing the motion for new trial, or filing the bill of exceptions. (d) It fails in any manner to identify the document presented as a bill of exceptions, as the bill which was filed in the circuit court. (e) Instead of presenting to the Court of Appeals an abstract of the record from which the sufficiency of the alleged judgment and the other proceedings of the trial court. could be determined by inspection, which abstract should set out the final judgment and the date thereof; the record entry filing the motion for new trial; the order of the court granting an appeal; the order of the court filing the bill of exceptions, which should under the rulings of this court recite: "which said bill of exceptions is in the words and figures following" (to be followed by the bill of exceptions)—instead of doing this, counsel for appellant presented to the Court of Appeals a mere running statement of their conclusions as to what the record showed, and as to what the court and the parties did. That such an abstract of the record is not a compliance with the statute or the rules of the Court of Appeals is, we think, established by the following Missouri cases: Nolan v. Johns, 126 Mo. 167; Jayne v. Wine, 98 Mo. 404; Butler Co. v. Grady, 152 Mo. 441; State ex rel. v. Reynolds, 82 Mo. App. 152; Halstead v. Stone, 147 Mo. 649; Bram v. Miller, 67 S. W. 714; Nold Lum. Co. v. Easton, 67 S. W. 934; Hamilton B. S. Co. v. Williams, 91 Mo. App. 511; Upton v. Castleman, 67 S. W. 707; Westheimer v. McEnerny, 67 S. W. 725; Campbell v. Stanberry, 68 S. W. 587; Mills v. McDaniels, 59 Mo. App. 331; Dixon v. Thomas, 91 Mo. App. 364; Jaco v. Railroad, 68 S. W. 380; State v. Rolly, 135 Mo. 677; Labette v. Thompson, 83 Mo. 199; Robertson v. Boyd, 68 S. W. 976; Reno v. Fitz Jarrell, 163 Mo. 411; Cooper v. Maloney, 162 Mo. 684; State v. Batty, 166 Mo. 561; West Stor. Co. v. Glassner, 150 Mo. 426; Lawson. v. Mills, 150 Mo. 428; Dawson v. Mack, 86 Mo. App. 120. The additional abstract is of the same general tenor as the original, and subject to several of the objections already indicated. By rule

5 of the Court of Appeals, "No suggestion of diminution of record in civil cases will be entertained by the court after joinder in error, except by consent of parties." It has been repeatedly held that where the appeal is taken by the short method, the printed abstract is the record. Hence, it follows that there could be no suggestion of diminution after error joined by the service and filing of briefs and abstract. Reno v. Fitz Jarrell, 163 Mo. 411; Ortt v. Leonhardt, 68 S. W. 577. Where an abstract of the record is insufficient, appellant can not file an additional abstract after the defects in the original are pointed out in the respondent's brief. Bank v. Davidson, 40 Mo. App. 421; West W. S. Co. v. Kolkmeyer, 91 Mo. App. 286; Jackson v. Railroad, 85 Mo. App. 443.

BRACE, J.—This is a proceeding by mandamus to compel the judges of the Kansas City Court of Appeals to set aside its order dismissing the appeal in a case pending in said court, and to require them to reinstate the cause on its docket, and to proceed to hear and determine the same.

There is no dispute about the facts. At the December term, 1900, of the circuit court of Gentry county, James W. Albin, by guardian, obtained judgment against the relator for the sum of one thousand dollars, from which judgment an appeal was taken by the relator to the Kansas City Court of Appeals, in which, in due time, relator filed "a certified copy of the record entry of the judgment . . . appealed from, in said cause, showing the term and day of the term, month and year upon which the same" was rendered, "together with the order granting the appeal," as provided for in section 813, Revised Statutes 1899, and the cause in due course was docketed for hearing on March 3, 1902. By rule 15 of said Court of Appeals, it is provided that:

"In all cases the appellant or plaintiff in error shall file with the clerk of this court, on or before the day next preceding the day on which the cause is dock-

eted for hearing, five copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision, together with a brief containing, in numerical order, the points or legal propositions relied on, with citation of such authorities as counsel may desire to present in support thereof. The appellant or plaintiff in error shall also deliver a copy of said abstract, brief, points and authorities to the attorney for respondent, or defendant in error, at least twenty days before the day on which the cause is docketed for hearing, and the counsel for respondent, or defendant in error, shall, at least eight days before the day the cause is docketed for hearing, deliver to the counsel for appellant, or plaintiff in error, one copy of his brief, points and authorities cited, and such further abstract of the records as he may deem necessary, and shall, on or before the day next preceding the day on which said cause is docketed for hearing, file with the clerk of this court five copies of the same; and the counsel for appellant, or plaintiff in error, may, if he desires, within five days after the service on him of the respondent's, or defendant in error's, abstract and brief aforesaid, file and serve a reply thereto in the manner aforesaid; and the evidence of the service of such abstracts, briefs, points and authorities, as above required, shall be filed by each party at the time of filing said copies with the clerk.''

As required by said rule, said appellant in due time filed copies of a printed abstract of the record in said cause, together with a brief containing the points relied on and the authorities cited in support thereof, and delivered copies of the same to the attorney for the respondent therein, the errors assigned and argued for reversal being as follows:

"1. The court committed error in refusing to give the demurrers to the evidence offered by the de-

fendant at the close of plaintiff's evidence and at the close of all the evidence.

"2. The court committed error in giving plaintiff's first instruction.

"3. The court committed error in refusing to give the third instruction requested by the defendant.

"4. The evidence was so strongly in favor of defendant as to convince the impartial mind that the verdict was founded on sympathy or prejudice.

"5. Plaintiff's instruction number 3 defining the measure of damages is erroneous, in that it authorizes damages to be assessed for future pain and anguish likely to be suffered."

Thereupon counsel for respondent in due time delivered to the counsel for appellant a copy of their "brief, points, and authorities cited," and filed copies thereof with the clerk of said court. The first point made in their brief is as follows:

"The appeal should be dismissed because appellant's abstract of the record does not show jurisdiction in this court. It contains no final judgment, order granting appeal or filing bill of exceptions, or other entry of record, or abridgment of such record entries; and it can not be ascertained from it when the alleged final judgment was rendered, or the motions for new trial and in arrest were filed."

The remainder of the brief is in answer to the points and argument made against the judgment in the brief for appellant.

Afterwards, on February 28, 1902, the appellant asked leave, and filed with the clerk five copies, and served upon counsel for respondent a copy of an additional abstract.

Afterwards on said third day of March, 1902, said cause coming on in due course to be heard, was argued by counsel in behalf of both appellant and respondent and submitted, and afterwards on the seventh day of April, 1902, by order of said Court of Appeals, the relator's appeal was dismissed, in pursuance of the following opinion:

"PER CURIAM.—This action is for personal injuries alleged to have been suffered by plaintiff. He recovered judgment in the trial court. The appeal is taken under what is known as the short method. The abstract of the record does not contain the judgment or the date when it was rendered. Neither does it set forth the time when the motion for a new trial was filed. Nor does it contain any record entry of the filing of the bill of exceptions. Shortly prior to the day when the cause was set for hearing an additional abstract was filed supplying the omissions which we have indicated. But this was without consent of opposing counsel. We will dismiss the appeal."

Afterwards on April 12, 1902, the relator filed its motion for a rehearing to set aside the judgment dismissing the appeal, and to reinstate said cause on the docket of said court, which motion coming on to be heard in due course was on the fifth of May, 1902, overruled. And said court still refusing to set aside said dismissal and reinstate said cause upon its docket, on application by the relator to one of the judges of this court, the alternative writ herein was issued, to which the respondents demur. The original abstract is fairly summarized in the brief of counsel for relator as follows:

"The abstract consists of seventy-five pages and an index, and its contents are as follows:

"1. The title of the cause, the court and term thereof.

"2. The petition, answer and reply in full, with statements showing their filing.

"3. This statement:

"'*The Trial.*—And at the December term, 1900, of the said circuit court of Gentry county the trial of said cause was had before the court and a regularly impaneled and qualified jury, and upon said trial and subsequent thereto the following proceedings were had in said cause, as shown by the bill of exceptions (caption omitted) duly filed by the defendant in said court, to-wit:'

"4.    Then the bill of exceptions follows, beginning with the headings, 'Bill of Exceptions,' and under that heading the following: 'Be it remembered that at the December term of the Gentry Circuit Court, 1900, this cause coming on for trial before the Hon. Gallatin Craig, Judge, and a jury, the following proceedings were had and done, to-wit: ''The plaintiff to sustain the issues on his part adduced testimony in words and figures as follows:'' '

"5.    Then follow sixty-five pages of the testimony in full of the several witnesses.

"6.    Directly after the testimony the instructions given and refused are set out, together with the rulings of the court thereon and exceptions thereto.

"7.    The statement of the return of the verdict for plaintiff assessing his damages at one thousand dollars.

"8.    The statement that on the same day the said verdict was returned the defendant filed motions for a new trial and in arrest of judgment, and said motions are printed in full.

"9.    The statement that on the same day the said motions were filed they were overruled by the court, and to which ruling on each of said motions defendant excepted at the time.

"10.    The filing of the affidavit for appeal by defendant and granting thereof to the Kansas City Court of Appeals.

"11.    The statement that the court made an order of record extending the time for defendant to file bill of exceptions to during the March term, 1901, of said court.

"12.    Then this: 'And now the defendant presents this, its bill of exceptions in the said cause, and prays that the same may be allowed, signed, sealed and filed herein, which is accordingly done this 7th day of March, 1901.                    GALLATIN CRAIG, Judge.'

"This was the end of the bill of exceptions.

"13.    After the judge's signature to the bill of exceptions on page 74 of the abstract, follows a narra-

tion of the record proper, which sets out the substance of all the record entries as follows:

" 'And at said December term, 1900, upon the return of said verdict, the court rendered judgment that the plaintiff have and recover of defendant the sum of one thousand dollars and the cost of the suit.

" 'And on the same day of the return of said verdict and rendition of said judgment, the defendant filed its motions for a new trial and in arrest of judgment as shown in the said bill of exceptions and the same were overruled by the court and exceptions saved as shown in said bill.

" 'And on the same day of the rendition of said judgment the court made an order of record allowing the defendant to file its bill of exceptions in this cause during the March term, 1901, of this court. And thereupon on the same day said judgment was rendered the defendant filed a proper affidavit for appeal of this cause, and thereupon the court made an order granting such appeal to the Kansas City Court of Appeals.

" 'And afterwards on March 8, 1901, and during the March term, 1901, of said circuit court of Gentry county, the defendant filed in the said circuit court of Gentry county its bill of exceptions in this cause, heretofore set forth, the same having been duly signed by the judge of said circuit court, and the said court made an order of record of the filing of said bill of exceptions; filing thereof was also marked on the back of said bill by the clerk of said court.

" 'And afterwards on July 10, 1901, the defendant filed in this court a certificate duly made by the clerk of said circuit court of Gentry county, setting forth the said judgment and the said order granting an appeal, and this cause is now duly in this court on such appeal of the defendant.' "

(1)    While, by section 813, supra, the relator, after filing the certified copy of the judgment appealed from, showing the term and day of the term, month and year upon which the same was rendered, together

with the order granting the appeal, was required within the time prescribed by the rule of the Kansas City Court of Appeals, "to file printed abstracts of the entire record of said cause," etc., the statute does not contemplate a dismissal of the appeal in case the abstract filed is not a perfect one, but on the contrary provides that the respondent if dissatisfied therewith, may file a counter abstract, and if that is not concurred in by the opposite party, provides for bringing before the appellate court a certified transcript of the record of the trial court. There is nothing in this statute authorizing a dismissal of the appeal on the ground that an abstract duly filed and served is simply imperfect. But by section 814, Revised Statutes 1899, the Courts of Appeals are authorized to make and promulgate rules for carrying its provisions into effect, and by virtue of such authority the Kansas City Court of Appeals made and promulgated rule 15 hereinbefore set out, and rule 18, which is as follows:

"If any appellant or plaintiff in error, in any civil cause, shall fail to comply with the provisions of rule numbered 15, the court, when the cause is called for hearing, will dismiss the appeal or writ of error, or, at the option of respondent in error, continue the cause, at the costs of the party in default. No oral argument will be heard from any counsel failing to comply with the provisions of rule 15."

If the appellant had failed to file and serve copies of its abstract and brief within the time required by rule 15, then, beyond question, the appeal might have been summarily dismissed under the rule, but if the rule is complied with in these particulars, the rule, like the statute, does not contemplate a dismissal, simply for the reason that the abstract may be imperfect, but provides for filing a counter abstract by the respondent, and if the abstract of the appellant filed sets forth so much of the record as is necessary to a full understanding of all the questions presented to the court for decision, together with a brief containing in numerical order the points or legal propositions relied on, with

citation of authorities in support thereof, then there is nothing in the rule authorizing a summary dismissal of the appeal.

The questions presented to the court for decision in the appeal in question, were all predicated upon the rulings of the court below on the evidence and the instructions, and these, with the pleadings, were set out in full, and in connection therewith the substance of everything that was done in the case in the trial court, is recited in the abstract, in narrative form. While this form may not be the best that could have been adopted, it serves the purpose for which an abstract is required, and hitherto has been held sufficient by all the appellate courts of this State. [Badger Lumber Co. v. Knights of Pythias, 157 Mo. 366; Ricketts v. Hart, 150 Mo. 64; same, 73 Mo. App. 647; McDonald v. Hoover, 142 Mo. 484; Keet Dry Goods Co. v. Brown, 73 Mo. App. 245; Ormiston v. Trumbo, 77 Mo. App. 310; Stewart v. Sparkman, 69 Mo. App. 456.]    The substance of the judgment and the term of the circuit court at which it was rendered, of the record entry showing that the motion for new trial was filed on the same day that the verdict was returned and the judgment rendered, and of the record entry showing the filing of the bill of exceptions, all appeared upon the face of the abstract. So that of the several reasons assigned by the court for dismissing the appeal, the only one that had a show of support was that the abstract did not show the day of the month, or of the term when the judgment was rendered, a matter wholly immaterial to the consideration of any question presented for decision in the case, and which if desired for any purpose, was set forth in the certified copy of the record entry of the judgment filed in the beginning as the basis for all the proceedings in the Court of Appeals.    The additional abstract filed by appellant, while somewhat more formal than the original, added nothing to the substance of the latter, except the date aforesaid, and as that in our judgment was immaterial, and the original abstract in sub-

stantial compliance with the statute and the rules of the court, the suggestions as to this additional abstract need not be considered.

That the appeal was improvidently dismissed, is, we think, manifest. The serious question in the case is: Can this improvident action be rectified by mandamus from this court?

(2)   The case in question is within the exclusive appellate jurisdiction of the Kansas City Court of Appeals. From its judicial determination thereof no appeal lies to this court, and the writ of mandamus can not be made to perform the functions of an appeal. Nevertheless the Constitution provides that this court "shall have superintending control over the Courts of Appeals by mandamus." [Sec. 8, Am. of 1884, 1 R. S. 1899, p. 94.]   And while under the power conferred on this court by this constitutional provision the jurisdiction of the Court of Appeals to hear and determine the case can not be invaded, yet the provision does confer the power and afford the means by which this court may compel that court to exercise its jurisdiction. To the end that it might properly do so, the Court of Appeals, in pursuance of the statute authorizing it thereto, adopted and promulgated certain rules for the presentation of causes in that court for its hearing and determination. As we have seen, the relator in compliance with the statute and these rules, thus presented its case to that court for its hearing and determination. But the Court of Appeals, owing to an erroneous construction of its rules, refused to hear and determine the cause thus presented, and dismissed the appeal.

Thereupon the relator invokes the exercise of the constitutional power of this court by its writ of mandamus, not to invade the jurisdiction of the Court of Appeals, but to compel that court to exercise its jurisdiction by hearing and determining the cause of which it had jurisdiction. This is a proper exercise of the power of this court, and a legitimate use to which the writ of mandamus may be applied, as was ruled in State ex rel. Bayha v. Philips, 97 Mo. 331, in which

case it was held, after an exhaustive review of the authorities in this State and elsewhere, that, where a Court of Appeals has erroneously dismissed an appeal in consequence of error in a point of practice in such court or a misapprehension of its own rules, mandamus will lie from the Supreme Court to correct such error, and in pursuance of such ruling a peremptory writ was awarded, commanding the Kansas City Court of Appeals to reinstate a cause in which the appeal had been dismissed by that court. The doctrine of this case has since received the approval of this court in State ex rel v. Public Schools, 134 Mo. loc. cit. 311, 312. The more recent case of State ex rel. v. Neville, 157 Mo. 386, is in harmony with it, and it has received authoritative sanction elsewhere. [19 Am. and Eng. Ency. of Law (2 Ed.), p. 385.] As opposed to it, the case of The State ex rel. v. Smith, 105 Mo. 6, is cited, and while in the opinion in that case there are *dicta* that give support to respondent's contention, there is nothing in the facts in judgment opposed to it. The appeal in that case was dismissed, not on any point of practice in the appellate court, but because the appeal was prematurely taken in the circuit court. [Mackey v. Hyatt, 42 Mo. App. 443.] *Dicta* in opinions, to be properly understood, must be read in the light of the facts adjudged, to which they are intended to apply, and in cases like this, the proceedings in the circuit court, the review of which is exclusively within the jurisdiction of the Court of Appeals, must not be confounded with the proceedings in the appellate court, the error in which is sought to be corrected. The other Missouri cases cited, State ex rel. v. Field, 107 Mo. 445, and State ex rel. v. Neville, 110 Mo. 345, are not in point. After a careful consideration of the able briefs of counsel, and of the cases therein cited, and many others, we think the doctrine stated is well supported in reason and authority, is applicable to the case in hand, and that we are not warranted upon any considerations of convenience or courtesy in departing from it.

The peremptory writ will be awarded. All concur.