THE HOLY GHOST ASSOCIATION, Respondent, v. FRANK
FEHLIG *et al.*, Appellants.

#### St. Louis Court of Appeals, December 7, 1897.

1. **Mortgage:** SALE OF PORTION OF MORTGAGED PROPERTY: INSOLVENCY
   OF MORTGAGOR: ENFORCEMENT OF LIEN. Where a mortgage covered
   all of certain lots, part of which were sold, and the mortgagor was
   insolvent, its lien became enforcible against the several portions of
   the mortgaged property in the inverse order of the sale of such por-
   tions. *Crosby v. Bank*, 107 Mo. 445. Under this rule, plaintiff was
   entitled to require the application of the value of the lots held by
   defendant toward the extinguishment of the general mortgage debt
   before its lots could be sold.

2. **Evidence:** ADMISSION OF RECORD SUBJECT TO OBJECTIONS: MATE-
   RIALITY. The fact that a record in another case, admitted subject to
   objections, tended to show that the first grantee of plaintiff's lots
   from the mortgagor held them in trust, if true, did not tend to prove
   that the mortgagor was a trustee or agent for plaintiff, and it was
   immaterial whether the court considered such record.

3. ————: DECLARATION OF TRUST: ADMISSIBILITY. There was no error
   in excluding the declaration of trust of the original mortgagor that he
   bought defendant's lots with the money of church men for church
   purposes, such declaration not purporting that any of plaintiff's lots
   were held in trust.

4. **Taxation of Costs in Equity Proceedings:** JUDICIAL DISCRE-
   TION. Trial judges have large discretion in the taxation of costs in
   equity proceedings, and unless there has been an abuse of such dis-
   cretion the appellate court will not interfere.

*Appeal from the St. Louis City Circuit Court.*—HON.
PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*C. A. Schnake* for appellants.

It is not necessary that the writing relied on to
prove the trust should be contemporaneous with the
creation of the trust. On the contrary the declaration

of trust may be long subsequent to such creation. *Barrell v. Joy*, 16 Mass. 221; *Forster v. Hale*, 5 Ves. 308.

The declaration of trust is a part of the *res gestae*, and should have been admitted, leaving its effect to be governed by other rules of evidence.   1 Greenlf. Ev. [Lewis Ed.], sec. 109; *Meier v. Meier*, 105 Mo. 411.

Such declarations are admissible, not only against the person in possession, but also against those claiming in privity with him.   *Wilson v. Albert*, 89 Mo. 537.

The costs should have been decreed against plaintiff.   *Turner v. Johnson*, 95 Mo. 431; 2 Jones on Mort., sec. 1111.

*Henry S. Shaw* and *Daniel Dillon* for respondent.

In reference to the admission in evidence of the record in *Walsh et al. v. Kenrick*, whatever may be held to be the ruling of the court in that matter, defendants saved no exceptions, nor even objected, and can not now be heard to complain of the action of the court.   *Brooks v. Daggs*, 50 Mo. App. 191; *Nicol v. Hyre*, 58 *Id.* 136, 137; *Bateson v. Clark*, 37 Mo. 34, 35.

The statements or declarations of a grantor made after he has conveyed the property are not competent to affect the title or rights of his grantee.   *Mueller v. Weitz*, 56 Mo. App. 36; *Sparks v. Brown*, 46 *Id.* 535; *Zoll v. Carnahan*, 83 Mo. 43; *State to use v. Thomas*, 35 *Id.* 206, 207; *Gutzweiler v. Lackmann*, 39 *Id.* 91.

A party will not be permitted to disprove what the pleadings admit.   *Weil v. Posten*, 77 Mo. 287; *Wilson v. Albert*, 89 *Id.* 546.

This court will not interfere with the discretion of the trial court in the taxation of costs in this case, as there has been no abuse of that discretion under the facts of the case.   *Bobb v. Wolff*, 54 Mo. App. 521; *Seed Co. v. Plant and Seed Co.*, 37 *Id.* 313.

"Where the mortgagor sells portions of the land at different times, that which he retains will, in equity, be held primarily liable for the whole debt; and if not sufficient, the several parcels will be liable in the inverse order of such sales, beginning with the parcel last sold." 2 Wash. Real Prop. [5 Ed.], p. 212; 2 Jones on Mort. [5 Ed.], secs. 1089, 1620, 1621; *Stevens v. Cooper,* 1 Johns. Ch. (N. Y.) 425; *Gill v. Lyon, Id.* 447; *Stuyvesant v. Hall;* 2 Barb. Ch. 151.

BOND, J.—The substance of the petition in this case is, that in 1890 Michael Busch owned thirteen lots in city block 3719; that he mortgaged them to secure his note for $6,000, payable in six months, and then conveyed three of them, to wit, 21, 22, 23, and others not necessary to be specifically described, by warranty deed dated April, 1892, to Peter Richard Kendrick, from whom by *mesne* conveyances the title was vested in the plaintiff corporation in February, 1897; that all the lots charged with the mortgage were released of that lien, except the three above mentioned, and the three others, to wit, 12, 13 and 14, the title to which passed to defendant Frank Fehlig by sheriff deed April 28, 1896, after a sale under a judgment against the mortgagor Busch; that defendant Theodore Fehlig became the assignee of the mortgaged debt, and thereupon attempted to release the lots purchased by his brother from its lien and throw the whole charge of the debt upon the three lots conveyed to plaintiff; that plaintiff tendered the portion of the mortgaged debt legally chargeable on their lots, which tender was refused and advertisement made of the sale of plaintiff's lots. The petition prays for an injunction against said sale and for an accounting and decree showing the extent to which plaintiff's lots were subject to the lien of the mortgage, and for general relief. The answer

admits specifically the allegations of the petition, and sets up affirmatively that the original mortgagor was plaintiff's agent, and therefore plaintiff is not entitled to relief. It also averred that the three lots owned by Frank Fehlig were subject to a prior mortgage of $1,500. Issue was joined by reply. A stipulation as to the value of the six lots described in the pleadings was filed. In the decree of the court the amount due on the mortgage for $1,500 was ascertained, and this sum was deducted from the agreed value of lots 12, 13 and 14, covered by said mortgage. The decree also found the balance unpaid on the $6,000 note and deducted from this balance the net value of lots 12, 13 and 14, after deducting the said prior deed of trust. The sum remaining was declared to be a lien on lots 21, 22 and 23, and plaintiff was decreed to pay the same within thirty days into court for the use of defendant Theodore Fehlig. If not paid in that time, the lots were ordered sold, and out of the proceeds the said balance of the $6,000 mortgage note was to be paid and the surplus, if any, to be paid to plaintiff. Costs were taxed against Theodore Fehlig. Defendants appealed to this court.

The decree was clearly correct. The admissions in the pleadings show that the title to plaintiff's three lots was conveyed prior in time to the execution of the sheriff's deed whereunder Frank Fehlig acquired the mortgagor's title to three other lots. The mortgage covered all the lots. The mortgagor was insolvent, hence its lien became enforcible against the several portions of the mortgaged property in the inverse order of the sale of such portions. *Crosby v. Bank*, 107 Mo. 445, and citations. The equitable right of the plaintiff under this rule entitled it to require the application of the value of the lots held by

MORTGAGE: sale of portion of mortgaged property: insolvency of mortgagor: enforcement of lien.

Frank Fehlig toward the extinguishment of the general mortgage debt before plaintiff's lots could be sold to satisfy such mortgage. Appellant insists that the record in the case of *Walsh v. Kendrick,* tends to show that the first grantee of plaintiff's lots from the mortgagor held them in trust. Such fact, if true, does not tend to prove that the *mortgagor* was a trustee or agent for plaintiff, hence it is immaterial whether the court considered this record (which it seems to have taken subject to objection), as it had no probative force in support of the affirmative defense that the original mortgagor was the trustee or agent of plaintiff. Neither was there any error in excluding the declaration of trust of the original mortgagor to the effect that he bought *defendant's lots* with the money of church men for church purposes. Such declaration did not purport that any of *plaintiff's lots* were held in trust. The last point made relates to the taxation of costs. In equitable proceedings the trial judges are entitled to exercise a large discretion in the taxation of costs, and unless it is made to appear that such discretion has been abused, it will not be interfered with on appeal. In the present case there are many considerations which seem to justify the taxation of costs against Theodore Fehlig. His conduct in attempting to cast the burden of the entire mortgage debt upon plaintiff's property led to this suit. The amount equitably due by plaintiff was tendered before suit. Under these circumstances we do not feel warranted in interfering with the order of the trial court in reference to the taxation of costs. Judgment affirmed. All concur.

ADMISSION of record subject to objections: materiality.

DECLARATION of trust: admissibility.

TAXATION of costs in equity proceedings: judicial discretion.