GEORGE W. INKS, Appellant, v. BRAKEBILL BROTHERS, Respondents.

**Kansas City Court of Appeals, June 18, 1906.**

1. **APPELLATE PRACTICE: Transcript: Record Proper: Clerk's Certificate.** A clerk's certificate at the end of a transcript that it is "true and complete transcript of the record and proceedings" is a sufficient authorization of the matters contained in the record proper though the usual and proper manner is for the clerk to make out a transcript of the record separate from the bill of exceptions.

2. ————: **Imperfect Abstract: Rule 15: Dismissing Appeal.** A paper in the cause is held to be an imperfect abstract but that is no ground for dismissing an appeal since in the ruling in State v. Smith, 170 Mo. 446, Rule 15 as to abstracts is practically destroyed.

3. ————: **Justices' Courts: Jurisdiction.** Where the abstract shows no record of any kind by which the circuit court obtained jurisdiction of the case by appeal from the justice, the case will be dismissed.

Appeal from Hickory Circuit Court.—*Hon. Argus Cox,*
Judge.

CASE DISMISSED.

*J. W. Montgomery, Hazen Green* and *W. L. Pitts*
for appellant.

The evidence shows that the heirs of S. P. Inks were
all of age; that all the other heirs assigned their undi-
vided interests in the account sued on, to appellant, who
had a right to join said accounts with his own claims
against respondents and thus avoid an unnecessary mul-
tiplicity of suits. There being no debts and the heirs
all being of age no administration was necessary. Mc-
Cracken v. McCaslin, 50 Mo. App. 85; Woods v. Donald-
son, 87 Mo. App. 7; Richardson v. Cole, 169 Mo. 372;
Johnston v. Johnston, 173 Mo. 91; McDowell v. Or-
phan School, 87 Mo. App. 386.

*Rechow & Pufahl* and *F. M. Wilson* for respond-
ents.

(1) The appellant having failed to comply with
rule 15 of this court the appeal will be dismissed. Sny-
der v. Free, 102 Mo. 325; Thompson v. Allen, 107 Mo. 497;
Cunningham v. Railroad, 110 Mo. 208; Carlisle v. Rus-
sell, 127 Mo. 465; Brown v. Murray, 53 Mo. App. 184;
Clark v. Fairley, 100 Mo. 236; Coy v. Robinson, 20 Mo.
App. 462; Holloway v. Moberly, 18 Mo. App. 523; Ware-
house Co. v. Glassner, 150 Mo. 426; Butler Co. v. Graddy,
152 Mo. 442; Reno v. Fitz Jarrell, 163 Mo. 412; Hohstat
v. Doggs, 49 Mo. App. 158; Nichols v. Engler, 78 Mo.
App. 501; Mason v. Pennington, 53 Mo. App. 118. (2)
If the abstract is insufficient under the rules the same
results follow. Isaac v. Lumber Co., 47 Mo. App. 30;
Trumble v. Nollman, 62 Mo. App. 541; Walser v. Wear,
128 Mo. 653. (3) Unless there is a reasonable effort to

comply with the rules of this court the appeal will be dismissed. McCullom v. Ulen, 87 Mo. App. 606; Bailey v. McWilliams, 111 Mo. App. 35.

BROADDUS, P. J.—It appears from the record that this suit was instituted before a justice of the peace, but there is nothing to show that it was there tried, except incidentally, or how it afterwards got to the circuit court. The respondents make the point that appellant has not complied with rule 15 of this court in that they have failed to file an abstract of the case.

Appellant has filed printed matter containing fourteen pages, on the cover of which are the following words: "Statement of Case, Abstract of Record, Assignment of Errors and Brief of Appellant." The contents are under the following heads: "Statement of Case, Abstract of Record Proper, Bill of Exceptions." The "Statement of the Case" refers to the evidence. The abstract contains a bill of items, the foundation of the suit and amended statement filed with the justice. There is no showing of a trial before the justice; no judgment; and no appeal. Then follows trial in the circuit court, judgment in favor of defendant and filing of plaintiff's motion for a new trial. Then follows what plaintiff terms a "Bill of Exceptions" containing his motion for a new hearing, the order of the court giving him time to file his bill of exceptions, the filing of his affidavit for an appeal, the granting of the appeal, and the order for filing the bill of exceptions. Then follows his points and authorities.

In addition, plaintiff has brought up a transcript of the bill of exceptions. This bill contains the record proper and the proceedings of the trial. The different orders of the court referred to are set out in full, but are not attested separately by the clerk. But at the end of the record made by the bill the clerk certifies, "That the above and foregoing is a true and complete tran-

119 App.—11

script of the record and proceedings in the cause therein named," etc.

The said certificate of the clerk is a sufficient authorization of the matters contained in the record proper, which are set out in the bill, but the usual and proper manner is for the clerk to make out a transcript of such record separate from the bill of exceptions, as the purpose of the latter is to make the proceedings of the trial a part of the record, which they would not be otherwise.

We suppose plaintiff intended that the paper be filed containing his statement and what he calls a "Bill of Exceptions," and printed on the back thereof a statement and abstract, as the abstract required by the rule. But, treating it as such, it is very imperfect, as it fails to state matters material to the case. But under the ruling in State ex rel. v. Smith, 172 Mo. 446, which practically destroys rule 15 as to abstracts; an imperfect abstract is not a ground for dismissing an appeal.

But the case will have to be dismissed because there is no record of any kind showing that the circuit court ever obtained jurisdiction of the case by appeal. All concur.