MARY LANE, Appellant, v. NIAGARA FIRE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, February 1, 1909.

APPELLATE JURISDICTION: Justices' Courts: Appellate Practice: Abstract. The abstract shows the case originated in the justices' court and was tried in the circuit court without disclosing a judgment in the former court or an appeal to the latter. *Held*, the omitted facts were jurisdictional and the abstract insufficient to confer jurisdiction on the appellate court.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

APPEAL DISMISSED.

*Aleshire & Gundlach* and *R. T. Herrick,* for appellant, filed brief on argument.

*Meservcy & German* for respondent.

(1)   This cause should be dismissed because there is no record of any kind showing that the circuit court ever obtained jurisdiction of the case by appeal.   Inks v. Brakebill Bros., 119 Mo. App. 159.

JOHNSON, J.—Appellant's abstract of the record shows that this case originated before a justice of the peace and was tried in the circuit court where a judgment was rendered for defendant.   It does not show that the cause proceeded to judgment in the justice court nor that an appeal was prosecuted from such judgment to the circuit court.   These are jurisdictional facts which should affirmatively appear in the abstract. Recently, in the case of Inks v. Brakebill Bros., 119 Mo. App. 159, we held these defects to be fatal and dismissed the appeal for lack of jurisdiction over the cause.

Appellant argues that the record entry appearing in respondent's supplemental abstract of the record cures the defect, but we do not think so.   That entry recites "this cause coming on regularly for hearing before the Hon. Edward E. Porterfield, Judge of Division No. 7 of said Circuit Court, and a jury being waived, the following proceedings were had."   The recital that the cause was regularly heard does not dispense with the necessity of showing in the abstract the preceding facts essential to the investiture of the circuit court with jurisdiction.   The appellate court must have before it in regular form the foundation of its own jurisdiction which is derived from the circuit court.

The appeal is dismissed.   All concur.